S. C. WILSON and others v. T. T. SANDIFER and others.

*Construction of Bond — Parol Evidence Inadmissible to Vary Written Contract.*

1. Where certain tenants in common entered into an obligation binding "themselves in this bond to resist by law any claim that may be set up by the heirs of Jno. M. Wilson, and in case of a law suit each is to bear his or her proportionate share," and afterwards the land is sold for partition and the purchaser (one of the tenants in common and a party to the obligation) is compelled to pay a certain sum for said Jno. M. Wilson's interest in the land; *Held,* that the obligation is not an indemnity so as to entitle the purchaser to reimbursement from the other parties thereto, but is simply an agreement to resist any claim that might be set up by Jno. M. Wilson's heirs.

2. Parol evidence is inadmissible to vary a written contract.

CIVIL ACTION, tried at Fall Term, 1875, of MECKLENBURG Superior Court; before *Schenck, J.*

The suit was brought to sell land for partition among the parties, plaintiffs and defendants, as tenants in common. By virtue of a decree in the cause the land was sold and a part of it was bought by the defendant T. T. Sandifer, who gave notes for the purchase money.

The defendant Sandifer alleged that certain of the other tenants in common had agreed in writing to indemnify him against loss in the event that the title of one John M. Wilson should be found to be valid; that subsequently he had been compelled to pay $350 for the interest of said Wilson, and asked to be allowed the same out of the purchase money due to the parties who had given the indemnity as aforesaid, which is as follows;

"Know all men by these presents that we, T. T. Sandifer, M. A. Wilson &c. are held and firmly bound to each other in the sum of $2,000. * * * The condition of the above

obligation is such that whereas, by an instrument executed by the late Robert Wilson debarring the heirs of John M. Wilson deceased of any further share in his estate ; and whereas by the death of Isaac A. Wilson, it might appear that the said heirs of John M. Wilson would come in for a share of his estate ; Now therefore in case the heirs of John M. Wilson should bring suit for a share of said Isaac A. Wilson's portion of the estate devised to him by his father (the late Robert Wilson,) the undersigned heirs of Robert Wilson bind themselves in this bond to resist by law any claim that may be set up by the heirs of John M. Wilson, and in case of a law suit each is to bear his or her proportionate share."

His Honor held that the contract was not one in which the parties agreed to indemnify the defendant Sandifer, but was a mutual agreement to resist the claim of S. C. Wilson, the plaintiff and the son of John M. Wilson.

The defendant then offered to prove by parol that the understanding of the parties was that said contract should be one of indemnity. This testimony was ruled out by the Court and defendant excepted. Judgment. Appeal by defendant.

*Messrs. C. Dowd* and *J. E. Brown*, for plaintiffs.
*Messrs. Wilson & Son*, for defendants.

READE, J. 1. This is not to be treated as an original proceeding but as a motion founded upon a petition in the original proceeding for partition. There cannot therefore be any trouble about parties or about notice.

2. We agree with His Honor that the writing in question is not an indemnity but is simply a mutual agreement among the parties to it to resist any claim which might be set up by " the heirs of John M. Wilson" to a share in the estate of Isaac A. Wilson, bequeathed to him by his father.

3. We are also of the opinion that the parol evidence offered to prove that said writing was *intended* to be an indemnity was properly rejected. The rule is that parol evidence is inadmissible to *vary* a written contract.

There is no error.

PER CURIAM.                    Judgment affirmed.