THE HARTFORD AND NEW YORK STEAMBOAT COMPANY, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Plaintiff's complaint alleged, in substance, that defendant executed to it a lease or agreement transferring the right to collect the wharfage of one of its piers, which defendant was required by law to maintain for the public use; that plaintiff took the lease upon the representation that substantial repairs should be made by defendant, and that plaintiff should not be required to make any save ordinary and usual repairs; that when the lease was made the pier was old and substantially destroyed by natural wear and decay, and defects hidden under the surface of the water; that defendant neglected to make such substantial repairs; in consequence the pier fell, leaving nothing to repair and requiring the erection of an entire new pier, which defendant refused to build, and plaintiff was compelled to rebuild, etc. Plaintiff claimed to recover the cost of rebuilding and the damages. By the lease it was provided that plaintiff should keep the pier in good condition and safe and proper repair, and that all alterations, improvements and repairs of whatsoever nature or kind should be made at its expense, and should revert to defendant at the expiration of the lease. *Held,* that the complaint did not set forth a cause of action, and a demurrer thereto was, properly sustained; that the alleged representations did not vary or add to, but were merged in the written agreement; that the omission to exercise a power conferred upon defendant to make an improvement was not a cause of action; and, as the complaint alleged that the pier was entirely gone, rendering the construction of a new pier necessary, the case was the same as if no pier had been built, and no duty rested upon it to build one; but assuming it was the duty of the city, as to the public, to make repairs, and thus maintain the pier, the covenant in plaintiff's lease requiring it to make all repairs was an answer to any claim on its part for a loss arising from the want of such repairs.

---

*Judge FOLGER was detained from court, by an accidental fall and the severe consequences thereof, from the 20th September, 1879, during the remainder of that year. Judge ANDREWS was also absent during a greater portion of the September session of 1879. They took no part in the decisions made during the times specified, except as is indicated in the report.

SICKELS—VOL. XXXIII.      1

As to whether, conceding it to be a legal public duty of the city to rebuild, and that it was not relieved of this duty, as far as plaintiff is concerned by any agreement, the expense of rebuilding could be recovered against the city, in the absence of any covenant on its part to repair or rebuild or to compensate plaintiff for so doing, *quære.*

(Argued May 19, 1879; decided September 16, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment entered upon an order sustaining a demurrer to plaintiff's complaint herein. (Reported below, 12 Hun, 550.)

The complaint avers that the plaintiff is a corporation owning and operating a line of steamboats running between New York and Hartford; that on the 25th day of April, 1865, the defendant being the owner of pier twenty-four on the East river, and being bound by its charter and by the laws to maintain it for the use of the public, made an agreement with the plaintiff, which is annexed to the complaint, under and pursuant to which the plaintiff began to use the pier; that plaintiff entered into said agreement upon the representations made by defendant that substantial repairs should be made by the defendant to said pier, and the plaintiff would be under no obligation to do other than ordinary and usual repairs; that defendant neglected to make such repairs; that when said agreement was made, said pier was old and substantially destroyed by natural wear and decay, and hidden and secret defects concealed under the water, so that the same fell down in April, 1867; that the defendant refused to rebuild, and plaintiff could not procure another pier, or carry on business without a pier, and therefore rebuilt the same, and sustained large damages by interruption of its business, etc.

By the lease or agreement annexed, the city assigned and transferred to plaintiff for a term of ten years, the wharfage accruing for the use and occupation of the upper half of said pier twenty-four. The lease contained this covenant on the part of plaintiff:

'And the parties of the second part further covenant that during the continuance of said lease they will repair and keep the said wharves, piers or bulk-heads in good repair at their own proper costs and charges, and surrender the same at the expiration of said term in as good condition as they are at the time they take possession thereof, the natural wear and decay excepted;" * * * " and that all alterations and improvements and repairs of whatsoever nature or kind are to be made at the expense of the parties of the second part, and to revert to the corporation at the expiration of the lease, or sooner termination thereof, without charge or deduction."

" And the said parties of the second part for themselves, their successors and assigns, hereby expressly covenant and agree, that they will during the continuance hereof keep the wharves in good condition, and safe and proper repair, including especially the string pieces and other superficial portions thereof for safe usage, and in default of their so doing at any time after notice from the comptroller or other proper officer of the city, that such repairs are necessary, and ten days thereafter the said parties of the first part may repair the same, and the said parties of the second part, their successors and assigns, agree to pay to the parties of the first part all expenses of such repairs and interest, damage by the elements alone excepted."

Plaintiff claimed to recover the expense of rebuilding and damages while deprived of the use of the pier. Defendant demurred that the complaint did not state facts constituting a cause of action.

*John S. Lawrence*, for appellant. The city was bound to maintain the existence of the pier and bulk-head. (3 Kent's Com., 427 ; Kent's Charter, 33, 34 ; Charter of 1873, § 119 ; Davies' Laws, App., 1232 ; *People* v. *Lambier*, 5 Den., 9 ; *H. R. R. R. Co.* v. *Loeb*, 7 Rob., 422 ; 2 Pars. on Con., 506, 511 ; *Thompson* v. *Mayor, etc.*, 1 Kern., 121 ; *Smith* v. *Levinus*, 4 Seld., 474 ; *Marshall* v. *Vultee*, 1 E. D. S.,

306; *Hudson* v. *Mayor, etc.*, 5 Seld., 168; *Weet* v. *Trustees, etc.*, 16 N. Y., 161, 163, note.) The agreement of defendant did not shift from it to plaintiff the burden of rebuilding the pier and bulk-head. (Taylor's Landlord and Tenant, § 357; 1 Shep. Touch., 168, 169; *McIntosh* v. *Lown*, 49 Barb., 555; 18 J. R., 423; *Cole* v. *Hawes*, 2 J. Cas., 203; 2 Pars. on Con., 513; *Neudecker* v. *Kohlberg*, 3 Daly, 412.) Plaintiff has, by reason of defendant's failure to do its duty, a right of action for damages. (Laws 1830, chap. 222; Laws 1858, chap. 261; *Buckbee* v. *Brown*, 21 Wend., 110; 2 Dillon on Munic. Corp., § 788; *Weet* v. *Trustees, etc.*, 16 N. Y., 161, 163, note; Broom's Philosophy of Law, 157, 158.)

*D. J. Dean*, for respondent. Defendant's agreement imposed no obligation upon it to repair or rebuild the pier. (*Witty* v. *Matthews*, 52 N. Y., 512; *Mumford* v. *Brown*, 6 Cow., 475; *Arden* v. *Pullin*, 10 M. & W., 321; *Lockrow* v. *Horgan*, 58 N. Y., 635.) All negotiations or representations preceding the agreement were merged in it. (*Riley* v. *Brooklyn*, 46 N. Y., 444.) It being discretionary with defendant whether the pier should be rebuilt or not, no action could be maintained upon its alleged neglect in the performance of such discretionary function. (*Mills* v. *Brooklyn*, 32 N. Y., 489.)

RAPALLO, J. The plaintiff seeks in this action to recover the expense of rebuilding a pier occupied by the plaintiff under an agreement with the city. The case comes up on appeal from a judgment for the defendant on demurrer to the complaint.

We think it very clear that there was nothing in the agreement or lease set out in the complaint, which bound the city to repair or rebuild the pier. So far from there being any covenant to that effect, the agreement provided that the plaintiff should keep the pier in good condition and safe and proper repair, also that all alterations, improvements and

repairs, of whatsoever nature or kind, should be made at the expense of the plaintiff, and revert to the corporation at the termination of the lease, without charge or deduction.

The allegation that the plaintiff entered into said agreement upon the representation that substantial repairs would be made by the defendant upon the pier, etc., adds no strength to the plaintiff's case. Such representations could not vary or add to the terms of the written agreement, but were merged in it. The case must depend upon the construction of the written instrument. (*Wilson* v. *Deen*, 74 N. Y., 531, and cases cited; *Riley* v. *City of Brooklyn*, 46 id., 444.)

The allegation that the city was bound by law to maintain the pier is not sustained by reference to any special law to that effect, unless it be the Montgomerie charter which confers upon the city power and authority to fill, make up, wharf and lay out the lands under water thereby granted to the city. By the general principles of law the duty of maintaining in good repair a structure erected in pursuance of a power granted to the city, is ministerial, and can be enforced by the courts. But the omission to exercise a power thus conferred, to make an improvement, is not a ground of action. (*Mills* v. *City of Brooklyn*, 32 N. Y., 489.) The allegation in the complaint is that the pier was wholly gone, leaving no pier or bulk-head to be repaired, and rendering the entire construction of a new pier necessary. We think that, under those circumstances, the case is within the principle of *Mills* v. *The City of Brooklyn*, and no absolute duty rested upon the city to build a new pier on the same location as the former one. But however this may be, it is also alleged that the destruction of the former pier was owing to defects concealed under the surface of the water and to natural wear and decay, and the omission to make substantial repairs. Assuming that it was the duty of the city to the public to make such repairs and thus maintain the pier, yet the plaintiff had covenanted with the city to keep the pier in good condition and safe and proper repair;

and although this covenant might not affect the liability of the city to the public, it certainly is an answer to a claim by the plaintiff against the city for a loss arising from the want of such repairs. That the destruction of the pier was caused, in part at least, by the omission to repair is expressly alleged.

The plaintiff claims that it was not by the terms of the lease bound to repair defects caused by natural wear and decay, its covenant being so qualified as to exclude them. We do not think it is thus qualified, except in regard to the obligation of the plaintiff to restore the premises at the expiration of the term in as good condition as they were in when the plaintiff took possession. In three different clauses of the agreement the plaintiff expressly assumes to keep the pier in repair at its own expense. To the first clause, containing this stipulation, is added the covenant to restore the premises in good condition, etc.; and to this covenant is added the qualification mentioned. In the next clause the stipulation is, that all alterations, improvements and repairs, of whatsoever nature or kind, are to be made at the expense of the plaintiff, and to this there is no qualification; and in the further clause the stipulation is, that the plaintiff will keep the wharves in good condition, and safe and proper repair, including especially the string pieces and other superficial portions thereof for safe usage. To this there is no qualification, but merely a further provision that, on default, the city may make the repairs at the plaintiff's expense. The plaintiff contends that this stipulation should be confined to the superficial part of the pier, but we think the intent is manifestly otherwise. The expression that the superficial portions of the pier shall be included, shows that the obligation covered more than the parts thus included. The purpose of specially mentioning those parts evidently was to protect the city against claims for damages for injuries to persons or property arising from defects in the superficial part of the wharf, and to remove any doubt as to the obligation of the plaintiff to keep that portion in repair,

Statement of case.

which might arise from the fact that, by the terms of the lease, the plaintiff was entitled only to wharfage, and was not entitled to demand compensation for the occupation of the top or surface of the pier.    The specification was not designed to restrict, but rather to enlarge and render certain the covenant to repair.

Taking the whole lease together we think it clear that the plaintiff assumed the burden of all repairs of every description which the pier might need ; that, as between the parties, the city was relieved of all obligation to repair or maintain it, and that the only possible effect of the exception of natural wear and decay, was to qualify or restrict the liability of the plaintiff to the city, to restore the wharf in good condition.

This view of the case is sufficient to dispose of it.    But we do not intend to pass upon the question whether if it were conceded to be a legal public duty of the city to rebuild, and it were not relieved of that duty, so far as the plaintiff is concerned, by any agreement with it, the expense of rebuilding could be recovered against the city by the plaintiff, in the absence of any covenant on the part of the city to repair or rebuild, or to compensate the plaintiff for so doing.

The judgment should be affirmed.

All concur,

Judgment affirmed.