JAMES NICKELSON v. WM. H. REVES.

*Contract—Parol Evidence to Vary.*

1. Parol evidence is not competent to engraft on a contract which has been reduced to writing, other terms and conditions, contemporaneously made, except where the contract was comprehensive, and a part of it only was reduced to writing and it was not intended to include the entire contract.

2. Where the defendant entered into a contract to make title to the plaintiff to a tract of land, described by meets and bounds, upon the payment of certain notes, and the plaintiff executed his notes to the defendant, reciting that they were for the purchase money, the defendant cannot show by parol evidence that at the time the contract was made, it was agreed by parol that the land should be surveyed, and if found to contain a larger number of acres than was supposed, that the vendee should pay an additional sum.

(*Twidy* v. *Sanderson*, 9 Ired., 5 ; *Manning* v. *Jones*, Busb., 368 ; *Kerchner* v. *Mac-Rae*, 80 N. C., 219 ; *Braswell* v. *Pope*, 82 N. C., 57 ; *Sherrill* v. *Hagan*, 92 N. C., 345 ; *Ray* v. *Blackwell*, at this Term ; *Etheridge* v. *Palin*, 77 N. C., 213 ; *Wilson* v. *Sandifer*, 76 N. C., 347, cited and approved).

CIVIL ACTION, tried before *Graves, Judge,* and a jury, at August Term, 1885, of the Superior Court of STOKES county.

The parties to the action entered into an agreement for the sale of a tract of land, owned by the defendant, to the plaintiff, in pursuance of which, the latter executed his three several notes under seal, each in the sum of sixty-two dollars, and bearing date on November 7th, 1874 ; the first with two sureties, becoming due on the 1st day of May next ensuing ; the second without surety, falling due on November 7th, 1875 ; the last maturing a year later, and all bearing interest at the rate of eight *per cen-*

*tum per annum* from date. The notes all recite as their consideration, that they are parts of the purchase money for the land. On the same day, the defendant entered into the following covenant with the plaintiff:

"Know all men by these presents, that I, William H. Reves, of Wilkes county, in the State of North Carolina, am bound and firmly held unto James Nickelson, of Stokes county, State aforesaid, in the sum of three hundred and seventy-two dollars, good and lawful money, to the payment of which I bind myself, my heirs and assigns, well and truly to be made, signed with my hand and seal, and dated this 7th day of November, 1874.

"The conditions of the above obligations are such, that whereas, the above bounden W. H. Reves, has this day bargained and sold unto the said James Nickelson, a certain tract or parcel of land, in the county of Stokes, on the waters of Mountain branch, adjoining the lands of Pendleton Lisk and others, and known as the Edmund Smith place, and containing by the deed, sixty acres, more or less, for the sum of one hundred and eighty-six dollars, and the said James Nickelson has executed his notes for the same, in three equal instalments, bearing even date with these presents, the first note for sixty-two dollars, and due the first day of May, 1875, on interest from date at eight per cent., the second note, for same amount, and due 7th November, 1875, on interest from date at eight per cent., and the third note, for same amount, and due on 7th November, 1876, on interest from date at same interest as above.

"Now, if the said James Nickelson, his heirs or assigns, shall well and truly pay and discharge the first not, and the interest accruing thereon, at the time of its falling due, or within thirty days thereafter, then he, the said Nickelson or assigns, to hold the possession and occupation of said land and premises, until the last note falls due, and if the said James Nickelson, his heirs or assigns, shall well and truly pay and discharge both the last notes and the interest accruing thereon, at the time of the last note falling due, or within thirty days thereafter, then the

above bounden W. H. Reves, his heirs and assigns, to make, or cause to be made, unto the said James Nickelson, his heirs or assigns, a good and lawful deed of conveyance to the above described tract of land, with all its appurtenances, and the above bond to be null and void, otherwise to remain in full force and virtue, but in the event of the said Nickelson failing to pay the first note at the time specified above, or the said Reves failing to collect said note by process of law, then the said Nickelson to pay rent, at customary rates, for the year 1875, and surrender the possession of said land and premises to the said Reves or assigns, on the first day of November, 1875. In witness whereof the said W. H. Reves has has hereunto set his hand and seal the day and date above written."

The plaintiff alleges that he has paid the several bonds given for the purchase money, and demanded of the defendant a conveyance of the land in execution of his contract, which being refused, the present action is prosecuted to enforce it.

The defendant, not denying the allegations contained in the complaint, resists the demand, and says : That having removed to the county of Wilkes, he caused the tract in controversy to be offered at public sale, with other tracts, upon the following terms, in substance, announced to the bidders : The purchase money to be paid in three equal installments, with interest at eight *per cent.* from date, and maturing respectively on the 7th day of May next, on the 7th day of November, 1885, and on the same day and month in the next year ; and it was agreed that the purchasers, including the plaintiff, should take a title bond, and give notes for their bids, and that the sale was by the acre, and the present tract was bought by the plaintiff, at the price of three dollars per acre, with the privilege of taking his tract as containing the sixty two acres specified in the defendant's deed, or of having a survey at his expense, and paying at that rate for the number of acres ascertained thereby to be in the tract.

The answer also avers, that after paying his first two notes, the plaintiff refused to pay the last, electing to have the survey

36

made, under the reservation referred to ; that the defendant there-upon caused the tract to be surveyed, and it was found that the tract contained 69 acres, seven in excess of the number stated in the deed, whereby the plaintiff became liable to pay the further sum of twenty-one dollars for such excess, and agreed to take a con-veyance of the whole land, and pay the additional amount, that plaintiff paid the remaining note, and refused to pay more, de-manding a deed from the defendant therefor, that the defend-ant then offered to convey sixty-two acres for the money paid, or the whole sixty nine acres, when paid the amount due for seven acres over running the first estimate of quantity, and now sub-mits to comply with his covenant.

On the trial, (the matters set out in the answer, being denied in the plaintiff's replication), the following issue was submitted :

".Did the plaintiff and the defendant, after the execution of the title bond, and bonds for the purchase money, described in the pleadings, make a different contract and agreement as to the pay-ment of the tract of land in controversy, as set forth in the an-swer ?".

The jury, under the rulings of the Court, rendered a verdict in the negative. From the judgment rendered on this finding, the defendant appealed.

No counsel for the plaintiff.
*Mr. C. B. Watson,* for the defendant.

SMITH, C. J. (after stating the facts). The rulings complained of by the appellant, are in refusing to allow the jury to hear oral testimony to show that:

I. The plaintiff refused to pay the last maturing note with-out a survey, and agreed to pay for any surplus over 62 acres, should it be found, and demanded such survey, under the ori-ginal conditions of sale.

II. When defendant tendered the deed, the plaintiff offered to pay for any excess over the supposed quantity, at the rate of three dollars for each acre.

III. The actual survey showed such excess, and when the surveyor announced upon a rough estimate, that there were more than 62 acres in the tract, plaintiff paid his last note.

Both parties impressed upon the surveyor, the necessity of care and accuracy in his calculations, which he used, and drew the deed accordingly. The plaintiff then agreed to pay for the increased number of acres. The jury were directed to find the issue in favor of the plaintiff, and such was their verdict.

The exceptions rest upon a single proposition, the right to depart from the terms and conditions of the respective written contracts, executed by each to the other, and professing to embody their agreement, and introduce other provisions, upon parol proof of what transpired at the time ; or to substitute and engraft a further and subsequent stipulation upon the bonds.

There is a class of cases, where the original agreement was comprehensive, and part of it only executed, not intended to include the whole, and the omitted part has been allowed to be proved by oral testimony. Such are the cases of *Twidy* v. *Saundeson*, 9 Ired., 5 ; *Manning* v. *Jones*, Busb., 368 ; *Kerchner* v. *McRae*, 80 N. C., 219 ; *Braswell* v. *Pope*, 82 N. C., 57.

Perhaps the recent case of *Sherrill* v. *Hagan*, 92 N. C., 345, affords as much support to the contention of the appellant, as any other of the adjudications of this Court ; but a brief analysis will show that it does not furnish a precedent.

There, the vendor made a deed for the land contracted to be sold, and which he represented to contain as much as 350 acres, at the same time agreeing with the vendee, that in case the land did not contain as many acres, he would refund, to the extent of the deficiency, at the rate of $5.71¾ per acre. It was held, that this was a separate contract, not embraced, nor intended to be embraced, in the deed, nor required to be in writing, and as such, could be enforced. It is not essentially different from the case of *Manning* v. *Jones*, *supra*, and rests upon the same general principle. It is an inexorable rule in the law of evidence, that the terms of a written contract, cannot be changed or modi-

fied by any contemporary parol agreement or understanding, so as to make it different from what it professes on its face to be.

It is effective upon a just and reasonable interpretation of its own terms, and this for the reason, that the writing is presumed to embody all the stipulations by which the parties intend to be bound.

The subject has been considered in *Ray* v. *Blackwell*, at the present term, to which we add a few references to cases of recent date. *Etheridge* v. *Palin*, 72 N. C., 213; *Wilson* v. *Sandifier*, 76 N. C., 347.

In the present case, the plaintiff covenants in his bonds, to pay a definite sum for the land, while the defendant, with equal explicitness, binds himself to make the deed, on payment of the plaintiff's notes for that specified purchase money. The bonds profess to contain the contracts of the parties with each other, as expressed in sealed instruments, and the appellant proposed to engraft upon them other terms, and thus modify and change their effect. Testimony of this kind was ruled out, as inadmissible for any such purpose.

It is not a case where the writing, as a deed or note, is in partial performance of an antecedent agreement, accepted as a partial execution only, and leaving in full force the unexecuted part.

There is no error in the ruling, and the judgment must be affirmed. It is so ordered.

No error.                                                    Affirmed.