Merwin, J.
The deed from plaintiff to Killam, is dated. November 21, 1881, the consideration named is $6,600. The deed and mortgage are both acknowledged the 28th November, 1881, and recorded November 29, 1881. Of the consideration named $2,000 was paid down and the mortgage was given for the balance. At the time of the exchange of the deed and mortgage, a paper purporting to be a written estimate of the amount of timber and lumber on the property, made by Aaron Killam in 1872, was delivered by plaintiff to defendant. This paper is not signed by any one and is not referred to in the deed or mortgage. Evidence is given on the part of defendant tending to show that the plaintiff at and before the exchange of the papers orally warranted that there was as much timber on the property as the estimate called for, but that in fact there was a large deficiency as the defendant after-wards discovered. This evidence was objected to in time by the plaintiff, on the ground that it was not competent to show an oral warranty. The evidence was taken subject to the objection, and that question is now the one to be first disposed of. The defendant does not claim that there was any fraud.
Is an oral warranty, in a case like the present, valid? I will, in the first place, refer to the cases cited by the defendant’s counsel, in support of the affirmative of the proposition.
In Bean v. Carleton (6 N. Y. State Rep., 641), a written agreement to publish a book specifying the time within which the first 2,000 copies were to be sold to meet a certain condition, was held not to prevent oral proof of an agreement as to when they were to be printed and put on the market, and the means to be used to promote the sale, it being said that an examination of the written contract clearly indicated an omission to state at least one important element of such an agreement, and that as the writing did not purport to cover the whole contract, the omission might be supplied by oral testimony.
In Chapin v. Dobson (78 N. Y., 74), the action was on a written agreement by which the plaintiff agreed to furnish the defendant certain machines on certain terms. It was held competent for the defendant to show that the plaintiff, at the time of the agreement, guaranteed, verbally, that the machines should be so made that they would do the defendant’s work satisfactorily; and, if not, that the plaintiff would take them back. This was admitted on the ground that there was nothing on the face of the instrument to show that it was the whole agreement, and the oral guaranty did not controvert, and was not inconsistent with the written contract.
*570 In Unger v. Jacobs (7 Hun, 220), it is said that the law does not exclude parol evidence to show the further agreement of one party because that of the other, has been reduced to writing. The action was on a guaranty of a note. It was held competent to show that the note was given for goods, and that the plaintiff, as a consideration for the guaranty, orally agreed to deduct the price of the goods that were inferior to the sample.
In Jeffery v. Walton (1 Starkie, 13), where, at the time of hiring a horse, a note of the agreement is made, stating the time and the price, it was held that plaintiff could show that he told defendant the horse shied, and that if he took him on hire he must be liable for all accidents.
The action was for the hire, and for damages from shying.
In Witbeck v. Waine (16 N. Y., 532), there was a written agreement for the sale of a farm, at a given price; deed to be given on payment of a certain sum and a mortgage back for the balance, and a provision that if the farm should fall short of 130 acres, the vendor would rebate for the deficiency at the average price per acre, at which the farm was sold. Afterwards a part of the purchase money was paid, and a deed given describing the property by metes ana bounds as being 130 acres more or less. No mortgage was given for the balance, but it was afterwards paid. A deficiency was afterwards discovered, and the action brought by vendee to recover back on the contract stipulation. It was held that the acceptance by the plaintiff of the deed, did not bar his recovery on the contract, as the deed was executed only in part performance of the contract.
In Morgan v. Smith (7 Hun, 244), the defendant was surety for the payment of rent, and the defendant was allowed to show that the consideration for his agreement was an agreement of the plaintiff as to the light which he had wholly failed to perform.
In Rosier v. B., N. Y. and P. M. Co. (15 Weekly Dig., 99), oral evidence was received to show that the defendant, as a part of the consideration of the deed received from plaintiff, of a right of way agreed to build a crossing.
In Hope v. Balen (58 N. Y., 380), it was held competent to show that the consideration of the written cancellation of an unexpired term of a lease was a verbal agreement by the plaintiff to remit the quarter’s rent then becoming due. The written instrument did not state what the consideration was. The action was for the quarter’s rent and was held to be well defended.
In Hutchins v. Hebbard (34 N. Y., 24), the giving of a power of attorney to collect monies was held not to prevent showing a parol agreement that the attorney might apply the monies collected oil a liability of the principal to him. ,
*571 In Bennett v. Abrams (41 Barb., 619), there was a verbal agreement between plaintiff and defendant to exchange lands. The defendant to also cause a mortgage on his property to be satisfied. In pursuance of this, deeds were exchanged and the possession, also, but the defendant did not satisfy the mortgage. It was held that the exchange of the deeds did not prevent the plaintiff from compelling the defendant to discharge the mortgage.
In Brigg v. Hilton (99 N. Y., 517), plaintiff gave defendant a writing acknowledging the receipt of an order for goods and stating the time of the delivery and the price, and it was held that defendants were not estopped from proving a parol warranty as to quality, that the instrument could not be construed as being the whole contract, but was simply a memorandum, that at the utmost it could be considered as the recital of things agreed on, and not as the agreement itself.
These are all the cases cited on this point by the defendant’s counsel, except the case of Eighmie v. Taylor (98 N. Y., 288), which is also relied on by the plaintiff’s counsel. That was an action for damages for the breach of an oral warranty^ made by defendant’s intestate, to the effect that certain oil lands conveyed by intestate to plaintiff were then yeilding a specified quantity of oil. It appeared that C. defendant’s intestate, contracted to sell to plaintiff a one-half interest in a lease of oil lands, with certain tools and fixtures and oil stored, for $6,000, and to receive in payment an assignment of a mortgage for that amount guaranteed by plaintiff. That, thereupon C. executed and delivered to plaintiff a conveyance transferring all his interest in the property, the plaintiff assuming and agreeing to perform all the conditions of the lease and assuming all the liabilities of 0. thereunder, the deed closing with the statement that the intent of the instrument was that 0. should convey all his right and interest in the lease, business and fixtures, and that plaintiff in accepting the same should release C. from all liability arising therefrom and assume the same. Plaintiff assigned to 0. the required mortgage with guaranty, 0. giving back to plaintiff an agreement to pay him some accrued interest when collected.
It was held that taking the writings together, they showed a full, definite and completed bargain and sale, and must be conclusively presumed to contain the whole contract, and that, therefore, plaintiff had no right to show an oral warranty by C., that the wells were then yielding sixteen barrels of oil per day and gas or water to supply the engines working them,. with all necessary fuel; that the oil was then worth four dollars a barrel; that the ma *572 chinery and fixtures were in good condition and that the debts did not exceed. $1,000, all of which representations and warranties were untrue.
Judge Finch, in giving the opinion of the court, seems to concede that the rule forbidding parol evidence varying the terms of a written contract aid not apply where the original contract was verbal and entire, and a part only reduced to writing, nor where the undertaking was collateral, but suggets that we cannot go outside of the instrument to prove that there was-a stipulation not contained in it, and that, therefore, only a part is in writing, and then enforce the oral stipulation.
“ The writings which are protected from the effect of contemporaneous oral stipulations, are those containing the terms of a contract between the parties, and designed to be the repository and evidence of their final intentions. If, from an inspection and study of the writing read, it may be in the light of surrounding circumstances, in order to its proper understanding and interpretation, it appears to contain the engagements of the parties, and to define the object and measure and extent of such engagement, it constitutes the contract between them, and is presumed to contain the whole of that contract.” “ Where the writing does not purport to disclose the contract, or cover it; where, in view of its language, read in connection with the attendant facts, it seems not designed as a written statement of an agreement, but merely as an execution of some part or detail of an unexplained contract; where it purports only to state one side of an agreement .merely, and is the act of one of the parties only in the performance of his promise; in those, and the like cases, the exception may properly apply, and the oral agreement be shown.”
On the question of whether the undertaking was collateral, it was held that it was not; that a warranty as to the present quality and condition of property sold, is connected with and belongs to a contract of sale as one of its elements. “ The lease, with wells upon the land yielding but four barrels a day, and gas insufficient for the machinery, was what the writing in fact transferred. The warranty required wells yielding a larger amount both of oil and gas. The written contract was thus changed in its legal effect. As it stood, it contemplated a sale without reference to the quality or condition of the wells, and whatever that quality or condition might in fact be. As modified by the parol evidence, it becomes a sale of the lease, with wells yielding a certain amount of both oil and gas,” and the cases of Mumford v. McPherson (1 Johns., 413), and Bayard v. Malcolm (id., 467), were thought to be in point.
In Powell v. Edmunds (12 East, 6), there was a sale in writing of the timber growing in a certain close, not stating anything of the quantity. It was held that a parol war *573 ranty, as to the quantity, could not be shown, as it varied the written contract. This case is referred to with approval in Peltier v. Collins (3 Wend., 463).
In Buchtel v. The Mason Lumber Co. (1 Flippin, 640), there was a written contract by plaintiff to sell to a corporation certain pine lands at a certain price. The corporation assigned this contract to defendant, who guaranteed the payment of the price. The plaintiff sued the defendant for the price, and the defendant sought to prove that the plaintiff, to induce the defendant to make the guaranty, warrantied verbally that the lands would yield 5,700,000 feet of merchantable pine, whereas, in fact, they only yielded 1,100,000 feet. This was held to be incompetent, as it contradicted the consideration stated in the guaranty, which was permission to enter upon the lands and cut the timber. This case was affirmed on other grounds in 101 U. S., 638.
In Cabot v. Christie (42 Vt., 121), it was held that a parol warranty of the quantity of land conveyed by a deed was not good. 3 Wash. Real Prop., 492; Nickelson v. Reves, 94 N. C., 559. Upon the sale of goods, if the contract is reduced to writing, a parol warranty cannot be shown. Story on Sales, section 860; Benj. on Sales (2d ed.), 506; Mumford v. McPherson, supra.
Where a lease is in writing, it is not competent to show that it was executed on the faith of a contemporaneous or preceding oral agreement not embraced in it, that certain furniture should be supplied, there being no fraud or mistake. Wilson v. Deen (74 N. Y., 531); or that the engine and boiler thereon were in good repair. Naumberg v. Young, 44 N. J., Law, 331. The case last cited contains a full discussion of the authorities. The same principle as to leases was held in Mayor, etc., v. Mason (9 N. Y. State Rep., 282; Hartford and N. Y. Steamboat Co. v. The Mayor (78 N. Y., 1). If there is a general warranty in a deed, it is not competent to show a contemporaneous parol agreement that a certain mortgage should be excepted, there being no fraud or mistake. Johnson v. Walter, 60 Iowa, 315.
After a deed is delivered to a party, parol evidence of conditions qualifying the delivery is inadmissible. Warrall v. Munn, 1 Seld., 229; Cock v. Barker, 49 N. Y., 100.
The argument of the defendant’s counsel is based upon two ideas, first, that the warranty in question was collateral, and second that only a part of the agreement was put in writing, and therefore the balance can be proved though not in writing. It was a warranty as to the then condition of the property sold, and is therefore within the express ruling of the court of appeals in the Eighmie Case that such a warranty is not collateral. Can it be said that only a part of the agreement was reduced to writing? Upon the face of the papers that were executed by the respective *574 parties there is nothing to indicate that the whole contract was not stated. The estimate is not referred to. That on its face appears to have been made in 1872, and nothing on its face indicating any statement of the amount of timber at the time of the deed. A party examining the deed and mortgage as Judge Finch says in the Eighmie Case, page 296,_ “would find no defect or omission; no uncertainty in subject matter or in terms; nothing which indicated some missing detail essential to be settled or supplied.” And Judge Finch continues, “ Such a paper falls within the rule of protection and not within the exception.”
The trouble with me in this case is to see any difference in principle between this and the Eighmie Case. The papers executed here, the deed and mortgage are just as definite as they were in that case. There all the interest of the party was conveyed. So it was here. The oral warranty there was as to the present condition of the property; so it is here. The reason of the rule applies as strongly here as there. Judge Finch, in that case, distinguishes the case of Chapin v. Dobson, as well as the cases cited from 7 Hun, 220; id., 244; 16 N. Y., 532; 15 W. Dig., 99.
The case of Powell v. Edmunds (supra) seems to be directly in point. The analogy of the rule as to parol warranty of the number of acres is quite strong. It is suggested by defendant’s counsel that the sale of the land from the estimate then delivered, of itself, implies a warranty that it corresponds to the estimate, and the case of Gubner v. Vick (6 N. Y. State Rep., 4), is cited. In that case it was held that where there was an order for a particular kind and quality of seed, and the order was filled, there was an implied warranty that the seed delivered was such as ordered and would produce the vegetables named. That hardly applies here. The paper delivered was only an estimate unsigned, and about the property as it was in 1872.
It seems to me that upon authority, and especially upon the law as laid down in the Eighmie Case, and in Powell v. Edmunds, approved in this state, I must hold that it was incompetent in this case for the defendant to prove an oral warranty as to the amount of timber on the land conveyed. That disposes of the defense, and entitles the plaintiff to a foreclosure of his mortgage for the amount claimed.