Civil action to restrain the defendant from carrying on the barber business in the town of Monroe, N.C. by reason of a written contract to that effect entered into between them in December, 1902.
The cause was before us last term on an appeal by plaintiff from a judgment dissolving a preliminary restraining order, on the ground, partly, that a subsequent contract of partnership in the barber business, entered into by the partners in 1913 and which was afterwards dissolved, etc.
The Supreme Court being of opinion that a mere contract of partnership, without more, would not of itself abrogate the original agreement, and that, on the facts as they were then presented, the restraining order should be continued to the final hearing, gave judgment accordingly. See case, 166 N.C. 187.
This opinion having been certified down and defendant having obtained leave, amended his answer so as to allege that on entering the second contract of partnership it was also agreed between the parties that *Page 406 
the original contract, binding defendant not to enter further into (361) the barber business in Monroe, should be canceled and annulled and that it was not put into the second contract, as plaintiff said it was not necessary to refer to the old contract in writing out the new agreement.
On issue so joined, the jury rendered the following verdict:
1. Was the contract referred to in the complaint as Exhibit A canceled by agreement of the parties, as alleged in the answer of the defendant? Answer: "Yes."
Judgment on the verdict for defendant, and plaintiff excepted and appealed.
After a full and impartial hearing, the jury have rendered a verdict on the issue in favor of defendant, and we find no good reason for disturbing the result.
It was contended, first, that the original agreement, being in writing, could not be altered except by clear, strong, and convincing testimony; but while this principle is well recognized in proper instances, it does not apply in the present case. Unless in violation of some provision of law, it is recognized that parties to a written instrument may, by parol, rescind or by matter in pais abandon the same. May v. Getty, 140 N.C. 316, citingHolden v. Purefoy, 108 N.C. 630, and other cases.
It is not proposed here to show that the written agreement was incorrectly expressed, but admitting that same was written exactly as agreed upon, the defendant undertook to show that the parties, by a subsequent agreement, had changed or done away with the first, and this they may do by the greater weight of the testimony.
Again, it is insisted that the defense offered is in violation of the principle which forbids a party to contradict or alter a written instrument by contemporaneous oral stipulations; but the principle only prevails in cases where the parties have put the entire contract in writing, and not when same is partly in writing and partly in parol. Mfg. Co. v. Mfg. Co.,161 N.C. 430; Nicholson v. Reeves, 94 N.C. 559; Braswell v. Pope,82 N.C. 57; Kerchner v. McRae, 80 N.C. 219. In such case parol evidence is received to establish the oral part of the agreement and to the extent that the same does not contradict that which is written. Walker v. Venters,148 N.C. 388.
In the present case the defendant contended and offered evidence tending to show that at the time the second contract was made it was also agreed that the first contract restraining defendant was annulled; that *Page 407 
the same was not put in the written contract of partnership, as it was not considered necessary to do so. The one might have been an inducement or consideration for the other, but, being a part of the (362) agreement which the parties did not undertake to put in writing, it may be properly established by parol.
While plaintiff, at the former hearing, showed a prima facie right to relief, the facts having now been established against him and no reversible error being found, the judgment in defendant's favor must be affirmed.
No error.
Cited: Farrington v. McNeill, 174 N.C. 421 (2c); Sample v. Gray,184 N.C. 26 (2c); Ins. Co. v. Gavin, 187 N.C. 17
(2c); Bixler v. Britton, 192 N.C. 201 (1c, 3c); Greene v. Bechtel,193 N.C. 98 (2c); Highway Com. v. Rand, 195 N.C. 811
(1c, 3c); Bell v. Brown, 227 N.C. 322 (1c).