SANFORD REAL ESTATE, LOAN & INSURANCE COMPANY AND R. L. POINDEXTER v. E. L. GAVIN, TRUSTEE, AND W. D. WRIGHT.

(Filed 22 January, 1924.)

1. **Bills and Notes—Negotiable Instruments—Endorsement—Parol Agreement—Evidence.**

    As between the original parties, not affecting the rights of a subsequent holder in due course, the acquisition of a negotiable note secured by mortgage as one of a series by endorsement may be shown by parol evidence to have been upon condition that its payment under foreclosure proceedings was postponed to the prior payment of the other notes in the series.

2. **Same—Compromise.**

    The acceptance by endorsement of an agent for selling real estate, of one of a series of notes secured by a mortgage upon parol agreement between the owner that its payment from the proceeds of sale should be postponed in the event of foreclosure to that of the other notes in the series, may be upheld as being in the nature of a compromise between the parties of the amount due.

**3. Same—Memorandum—Writing—Corroboration.**

Where the endorsee of a note secured as one of a series in a mortgage has acquired it after its execution under a valid parol agreement that in the event of foreclosure its payment was to be made from the proceeds of sale in postponement to that of the other notes of the series, and the note so acquired has been lost, and a written memorandum of the parol agreement has later been made, the action may be maintained upon the parol agreement and the written memorandum introduced as corroborative evidence.

**4. Same—Pleadings—Equity.**

The objection that a valid parol agreement as a consideration upon which an endorsee has acquired a note secured by mortgage, must be pleaded to become available, is untenable, an action thereon being maintainable at law, and no equity of cancellation or correction being required in the action.

APPEAL by plaintiff from *Horton, J.,* at May Term, 1923, of LEE.

Civil action. Plaintiffs holding a note for $3,000, being No. 5 of a series of notes of $3,000, secured by a deed of trust on real property, sued defendants to recover their *pro rata* amount alleged to be due from the proceeds of a foreclosure sale of the property, and wrongfully withheld by defendants. Defendants deny liability, claiming that this note, No. 5, was assigned to plaintiff, R. L. Poindexter, with written notice thereon that coplaintiff insurance company was entitled to one-half of same, with the distinct understanding and agreement that this note, No. 5, should be paid out of the proceeds of sale only after the other four notes were satisfied.

On the issues thus raised there were facts in evidence tending to show that defendant W. D. Bright, original owner, had sold his land to one J. R. High for $20,000, $5,000 of same being paid cash and the remainder evidenced by five promissory notes of $3,000 each, numbered consecutively one to five, and secured by deed of trust on the property to defendant E. L. Gavin as trustee. That soon after these notes were executed defendant W. D. Bright had assigned the note sued on, No. 5, to R. L. Poindexter coplaintiff, with the distinct understanding and agreement at the time of the transfer that in case of foreclosure had the holder should only be paid after the other four notes held by W. D. Bright. The evidence tended to show that the contract of transfer of note to Poindexter was made in parol, and that Gavin, trustee, shortly thereafter made a copy of same showing the stipulations as claimed by defendants, and on proof of loss of original a carbon copy of same, proven to have been an exact copy of original, was admitted in evidence. Both the trustee Gavin and the owner Bright having testified to the contract of transfer by parol and that the copy offered was in accord with the same. That default having been made in the payment of the

notes secured by the deed, or any of them, there was foreclosure sale by the trustee and the land was bought and now held by the original owner at the price of $8,000, the suit, as stated, being for the *pro rata* share of this $8,000.

On issues submitted the jury returned the following verdict:

1. Did the defendant transfer and deliver the note numbered "5" to the plaintiffs with the understanding and agreement that the same was not to be paid out of the proceeds of sale of the land under the deed of trust until after defendant had first been paid his four notes in full as alleged in the answer? Answer: Yes.

Judgment on verdict for defendants; plaintiffs excepted and appealed, assigning for error chiefly (1) the admission of parol evidence of the stipulations of the contract of assignment and endorsement appearing on note No. 5; (2) the admission of parol or other evidence in contradiction of the deed of trust and in derogation of plaintiffs' rights as holders of one of the notes therein secured.

*Seawell & Pittman for plaintiffs.*
*Hoyle & Hoyle and H. M. Jackson for defendants.*

HOKE, J. On careful examination of the record we find no reason for disturbing the results of the trial. It is the recognized principle here that on a written endorsement or transfer of a negotiable instrument, and as between the immediate parties thereto, parol evidence is competent to establish stipulations and conditions affecting their rights, and the plaintiffs' objection to the admission of such evidence was therefore properly overruled. *Kernodle v. Williams,* 153 N. C., 475; *Aden v. Doub,* 146 N. C., 10; *Penniman v. Alexander,* 111 N. C., 427; *Braswell v. Pope,* 82 N. C., 57; *Kerchner v. McRae,* 80 N. C., 219. In *Penniman's case, supra,* the general principle is stated as follows: "The maker of a promissory note, or other similar instruments, if sued by the payee may show as between them a collateral agreement putting the payment upon a contingency, and it is competent also for a defendant sued as acceptor of such instrument to show in his defense the condition of his acceptance." Nor can the exception be sustained that the defense presented and the parol evidence offered in its support, are in contravention of the written stipulations of the deed of trust. If the plaintiffs had shown themselves to be the unqualified owners of the note sued on, as for instance, endorsers for value and without notice, the position would be deserving of consideration, but under the defense presented and evidence in question, it has been established by the verdict that on the contract of endorsement made after the deed of trust and affecting only the distribution of the proceeds, plaintiffs agreed that

the note assigned to them should share in the proceeds only after the other four notes, amounting to $12,000 and interest, were fully paid. The parties had a right to make this a subsequent contract modifying the stipulations of the deed of trust. It is not an agreement required to be in writing, and to our minds no reason can be suggested why such an agreement should not be given effect. *Faust v. Rohr,* 167 N. C., 360; 4 Page on Contracts (2 ed.), sec. 2484; 6 R. C. L., 299. True that such a contract, like others, unless under seal, require a consideration to support it, but on the evidence such a consideration appears from the fact that the plaintiff thereby acquired the note that he sues on. And if it should be referred to the rights claimed in plaintiffs' favor for compensation in effecting the original sale, the stipulations by which the note was obtained and postponing payment could well be upheld as a proper compromise and adjustment of a *bona fide* dispute between the parties as to the amount due. *Fisher v. Lumber Co.,* 183 N. C., 485-489, citing, among other authorities, *Dunbar v. Dunbar,* 180 Mass., 170; *Dickerson v. Dickerson,* 19 Ga. App., 269; 6 R. C. L., 662, Title Contracts, sec. 71; 5 R. C. L., Title Compromise, sec. 13. It is further contended for appellant that the written contract which had been lost could not be made available in support of defendant's position without allegations upon which to rest it, but this, in our opinion, does not at all correctly interpret the record. The contract relied upon by defendant was made in parol and the memorandum in writing which only one of defendants made afterwards was no doubt for the purpose of preserving the evidence in available form. The written paper was not relied upon as the basis of recovery, but was only received as evidence in support of the verbal contract already entered into, and was undoubtedly competent as evidence in corroboration of the oral testimony of both Bright and Gavin, tending to establish the agreements as alleged. *Gooding v. Moore,* 150 N. C., 195. Even if the written paper was the basis of the defense and had been lost the position of appellant could not be upheld; a written paper conferring or creating an absolute legal right may be enforced by action at law though lost. *Fisher v. Webb,* 84 N. C., 44. It is only when it becomes necessary to have an instrument corrected or canceled for fraud, mistake, and the like, by invoking the equitable powers of the court for the purpose, that the pertinent facts must be alleged before proof can be offered. But no such question is presented in this case where, as stated, a definite legal right was acquired by contract at the time of the assignment and this right has been established by the verdict of the jury.

There is no error and the judgment for defendant is affirmed.

No error.