DANIEL PERRY v. EDWARD HILL.

It is competent to prove by parol, the consideration of a written promise to pay money, at least when none is recited. *Robbins* v. *Love*, 3 Hawks 82; *Nichols Bell*, 1 Jones 32, cited and approved.

When there is an entire verbal agreement, and a note given and read in evidence was only a part of said agreement, it is competent to prove such agreement by parol, notwithstanding such note. *Tindy* v. *Sanderson*, 9 Ired. 5, cited and approved. Also *Manning* v. *Jones*, Busb. 368, and *Daughty* v. *Boothe*, 4 Jones, 87.

CIVIL ACTION, tried before *Clarke, J.,* at Spring Term, 1872, of LENOIR Court.

The complaint alleged that the defendant had converted plaintiff's horse and buggy, and this action was to recover their value. Defendant denied the conversion, and further answered that the plaintiff had compromised and settled the matter for a valuable consideration. The plaintiff and his son testified that the defendant borrowed plaintiff's

horse and buggy in Jones county in 18—, for the purpose of going to Kinston, soon after the fall of Newbern, and promised to return them the next day, which he failed to do. Defendant testified that he hired the horse and buggy from plaintiff, with an understanding that he should deliver them, for plaintiff, to Major Boon, a quartermaster in the Confederate army at Kinston, and that Major Boon would pay plaintiff the hire, that he delivered them to Major Boon according to contract, who used them in the service of the Confederate government and they were lost, and that he had compromised and settled with the plaintiff for valuable consideration.

Defendant offered to show as to the issue of accord and satisfaction, an agreement between him and the plaintiff on the 14th of January, 1868, that he, the defendant, would lend the plaintiff $25, ($75 ?) which should be returned in forty days, the plaintiff depositing with him as collateral security for said return a note on James and Starkey McDaniel, and that the plaintiff would never say anything again to the defendant respecting his claim for said horse and buggy, but that the accommodation of said loan should be in full satisfaction thereof; that said sum was in pursuance of said agreement loaned to the plaintiff, who thereupon gave and delivered to the defendant the instrument, a copy of which appears in the opinion of the Court. The evidence as to the accord and satisfaction resting in parol was objected to by plaintiff because a part of the agreement to-wit: that covered by the said instrument was reduced to writing, the objection was sustained and the evidence ruled out by the Court. Defendant excepted.

Verdict and judgment for plaintiff. Defendant appealed.

          , for appellant.
          , contra.

RODMAN, J.   The plaintiff complains that defendant con-
verted his horse and buggy to his damage, &c.   Defendant
denies the conversion, and further says that plaintiff com-
promised the matter for a valuable consideration, and said
there should be no more difficulty about it.   The vagueness
of this statement of the defense, which does not show what
was given upon the accord, nor that it was accepted in satis-
faction might perhaps have justified the plaintiff in demur-
ing to it, or in requiring that it be made more particular.
He takes issue upon it however, and the parties go to trial,
upon the two issues.   Evidence was given on both sides as
to the alleged conversion of which as no exceptions are
founded upon it, nothing need be said.

Upon the second issue as to the accord and satisfaction,
the defendant offered to show that in January, 1868, (long
after the alleged conversion he had loaned the plaintiff $25
(so the record reads) but we suppose from what afterwards
appears this sum was written by mistake for $75,) to be
repaid in forty days, the defendant taking certain notes as
collateral security, and that in consideration of the loan
plaintiff agreed that he would never say any thing more
about his claim for the horse and buggy.   He also put in
evidence the following writing, Newberne, January 14th,
1868. Received of Capt. Edward Hill (the defendant) seventy-
five dollars to be delivered to Capt. Edward Hill in forty
days from this date.   He, Capt. Edward Hill, holds note as
collateral security against James McDaniel and Starkey
McDaniel which was delivered to Edward Hill by Daniel
Perry."   The case then states : "the evidence as to the accord
and satisfaction resting in parol, was objected to by the
plaintiff, because a part of the agreement, to wit, that covered
by the above instrument, was reduced to writing ; and the
objection was sustained and the evidence ruled out by the
Court.   Defendent excepted."   That is the only question
presented.   We think the evidence was admissible.

The general rule that a written contract cannot be varied by parol is not denied. But it was not sought here, to add to, alter, or contradict, the writing in any particular, but only to show what was the consideration for the loan of the money for forty days without interest, of which loan the writing is evidence. The rule has never been held to exclude proof of the consideration of a written promise to pay money, at least when none is recited. *Robbins* v. *Love*, 3 Hawks, 82; *Nichols* v. *Bell*, 1 Jones, 32.

Besides there is another well recognized exception to the general rule upon which the admissibility of the evidence in question may be supported. Greenleaf on Ev. S. 284, A, says: "Nor does the (general) rule apply in cases where the original contract was verbal and *entire*, and a *part only* of it was reduced to writing."

In *Tindy* v. *Sanderson* 9, Ire. 5, PEARSON, J., says: "The rule is not applicable to the case under consideration, for the agreement was not reduced to writing. The *note* is not a memorial of the entire agreement, but is simply a part execution on the side of the defendant, &c." See also *Manning* v. *Jones*, Busb. 368, and *Daughtry* v. *Boothe*, 4 Jones. 87.

In this case the defendant offered to prove, that the original agreement was verbal and entire; to wit: That defendant should lend plaintiff seventy-five dollars, without interest for forty days, which loan for that time, plaintiff would accept in satisfaction of his claim for the horse and buggy, and would also deposit a note as collateral security, and execute his own note for the money, and stipulating for its return at the expiration of the credit.

Upon this alleged defence, the note actually given and read in evidence, was only a part of the entire original verbal agreement, and was executed in pursuance of it.

The defendant should have been allowed to prove the entire agreement if he could.

The refusal to allow him was error, and there will be a *venire de novo.*  Let this opinion be certified.

PER CURIAM.                     *Venire de novo.*