KERCHNER & CALDER BROS. v. ALEXANDER McRAE and
JOHN L. McRAE, Executors.

*Evidence—Comments of Counsel—Executors and Administrators.*

1. The rule that parol testimony is inadmissible to add to, vary, or con-
tradict a written contract, is restricted to cases where the parties ex-
press in the writing the entire stipulations agreed on; *Therefore,* where
A executed a bond to B who transferred the same by endorsement, *it
was held,* in an action by the endorsee against A for the amount of the
bond, that parol testimony was admissible to establish an agreement
between the maker and payee at the time of the execution of the bond
that certain credits should be allowed thereon.

2. In the trial of civil actions, it is not erroneous for the court to direct
the jury to decide issues submitted to them upon a preponderance of
the evidence.

3. It is discretionary in the presiding judge to stop counsel when making
improper remarks in an argument to the jury, either at the time they
are made or in his charge to the jury.

4. An executor is responsible in his representative character on contracts
originating in testator's lifetime. But in causes of action wholly oc-
curring after testator's death, he is liable individually.

(*Twidy* v. *Saunderson,* 9 Ire. 5; *Manning* v. *Jones,* Busb. 368; *Hailey* v.
*Wheeler,* 4 Jones, 159; *McKoy* v. *Royal,* 7 Jones, 426; *Beatty* v. *Gingles,*
8 Jones, 302; *Kessler* v. *Hall,* 64 N. C., 60; *Hall* v. *Craige,* 65 N. C. 51,
cited and approved.)

CIVIL ACTION tried at Fall Term, 1877, of NEW HANOVER
Superior Court, before *Moore, J.*

The contract sued on in this action is under seal and was
executed by the defendants as executors of John McCallum,
on the 14th of October, 1873, to Charles McRae for $3,532.32,
for the amount of an account due and owing by their tes-
tator at the time of his death to Charles McRae and Henry
McCallum, partners, trading under the name and style of
Charles McRae.

Charles McRae transferred said bond to the plaintiffs by
an endorsement thereon, in part payment of the indebted-

ness of himself and partner to them; and the plaintiffs on the trial in the court below admitted that they took and held said bond subject to any set-off or equitable defence the defendants might have against it.

The defendants in their answer take the position, (1) that they had executed the bond declared on, as executors, and that no judgment could be recovered against them individually, and (2) if they were liable individually, they claimed that it was agreed by and between them and Charles McRae at the execution of the bond and as a part of the transaction, that he would hold and keep the bond, and give defendants a credit thereon for the proceeds of a parcel of cotton of the value of $3,000, which their testator had deposited with the firm of Charles McRae and Henry McCallum, for sale on his account.

To this answer the plaintiffs filed a reply, and therein they deny the deposit of any cotton with said firm, and also deny the alleged agreement to give a credit on the bond in suit for the proceeds of said cotton.

On the trial the following issues were submitted to the jury: 1. Was the proceeds of sale of cotton referred to in the pleadings the property of John McCallum? 2. Did the defendants execute the note referred to, under the promise at the time of execution by Charles McRae, that he would hold said note and that it should be credited with the proceeds of the cotton aforesaid? To these issues the jury responded in the affirmative.

During the trial plaintiffs objected to the admission of parol testimony on the part of the defendants in support of the second issue, and the court overruled the objection and the plaintiffs excepted.

After rendition of the verdict the plaintiffs moved for a new trial on the following grounds, (1) for the admission of incompetent testimony, (2) because the court did not stop the counsel for defendants in his argument to the jury on

the point of the liability of defendants in their individual character, (3) for that His Honor charged the jury that they should decide the case upon the preponderance of evidence. The court overruled the motion for a new trial, and thereupon the plaintiffs moved for judgment for the balance of the bond, after deducting $3,000 for the cotton, and His Honor disallowed the motion, holding that the defendants are not liable individually on the bond sued on, and the plaintiffs appealed.

*Messrs. Geo. Davis, W. F. French* and *Walter Clark,* for plaintiffs.

*Messrs. Stedman & Latimer* and *D. L. Russell,* for defendants.

DILLARD, J. (After stating the case.) The objection to the admission of parol testimony in support of the second issue was properly overruled by the court below. The general rule is that parol testimony is inadmissible to add to, vary or contradict a written contract; but the rule is restricted to cases in which the parties express in writing the entire stipulations agreed on, and the extent of the rule is established by the writers on evidence and by various decisions of this court.

In *Twidy* v. *Saunderson,* 9 Ire. 5, the plaintiff hired a slave to the defendant, and he gave his bond for the hire; and at the time, it was agreed as a part of the contract that the slave was not to be risked on water or be carried out of the county of Tyrrell; but Saunderson hired the slave to another and he carried him to Martin county where he was killed. Twidy sued for the violation of the stipulation not to carry the slave out of the county, and it was objected that the bond contained a memorial of the whole agreement, and parol testimony was inadmissible. On appeal, the admission of the evidence

objected· to was held proper, on the ground that the bond for the hire did not contain the entire agreement.

In *Manning* v. *Jones*, Busb. 368, a vendee of land conveyed the same by deed to the purchaser, agreeing at the time and as a part of the contract to make certain repairs, which he failed to make, and on being sued for such failure, it was objected that the deed contained no such stipulation, and that parol evidence of the promise to make repairs could not be admitted.  On appeal, it was ruled in this court that the evidence was admissible.  Besides these two cases there have been many others, all referring to and approving them; and, from the principle thus settled, we conclude that His Honor properly admitted parol testimony in support of the second issue.

Independently of the admissibility of the parol testimony on said issue upon the grounds above set forth, the issue involved an inquiry into the truth of the alleged agreement of Charles McRae at the time of the execution of the bond sued on, to give defendants a credit on their bond for the cotton, and no objection being made to the issue, it is not perceived how any evidence tending to prove the same could be held incompetent, whether it was parol or other= wise.  The agreement aforesaid, if made, was a stipulation on the part of Charles McRae and was in no sense included in the bond sued on, and the defendants in case they should establish it, were entitled as for a counter-claim or set-off to have a credit for the cotton; and to prove their right to such credit, it was competent to establish the agreement on the part of Charles McRae by any relevant legal testimony within the defendants' power.  We therefore hold that there was no error in admitting the testimony.

As to the grounds on which a new trial was asked, they did not, singly or altogether, authorize a grant of the mo= tion.  The first ground is already disposed of, and as to the complaint of the judge's failure to stop defendants' counsel

in his argument to the jury on the point of their liability in their individual character, it does not appear that the failure of the judge did or by possibility could have operated to the injury of the plaintiffs. The case of appeal states that the plaintiffs' counsel in his argument urged to the jury, that it would be no hardship on defendants if they were held liable, and in reply, the defendants' counsel urged that it would be a great hardship if they were held liable, and insisted that they never intended to bind themselves individually. It was discretionary in the judge to stop the counsel at the time if his remarks were improper, or not having done so then, he might correct the matter in his charge. And the case states that the judge in his charge informed the jury that the question of liability of defendants was a matter of law for the court after their verdict, and that they must disregard the remarks of defendants' counsel. It therefore appears to this court that the plaintiffs were not prejudiced by the failure of the judge to stop the counsel in the course of his argument.

As to the direction of the judge to the jury, to decide the issues submitted to them by a preponderance of the evidence, it is uniformly so laid down to juries in civil actions, and therein no error was committed.

The plaintiffs having failed to get a new trial awarded them, thereupon moved the court for judgment for the balance of the bond declared on after deducting $3,000 as of the date thereof for the cotton, and His Honor disallowed the motion, holding that defendants were not liable individually on the bond. In this refusal of judgment as prayed, His Honor was in error. It is ruled in *Hailey* v. *Wheeler*, 4 Jones, 159; *McKoy* v. *Royal*, 7 Jones, 426; *Beatty* v. *Gingles*, 8 Jones, 302, and in the more recent cases of *Kessler* v. *Hall*, 64 N. C., 61, and *Hall* v. *Craige*, 65 N. C., 51, that executors are responsible in their representative character on contracts originating in testator's lifetime, but in

causes of action wholly occurring after testator's death, the executors are liable individually. And in the last case above mentioned, it is held that if an executor confess a judgment as executor, the judgment will bind him individually, and the words "as executor" will be rejected as surplusage.

The judgment of the court below disallowing the motion of plaintiffs for judgment, is reversed, and judgment will be entered in this court in favor of the plaintiffs for the balance due on the bond of defendants after deducting $3,000 as of the date of the bond.

Error.                          Judgment accordingly.