## A. BRASWELL v. KINDRED POPE.

*Evidence—Contract—Pleading.*

1. Parol evidence is admissible to establish an original contract which is verbal and entire, where only a part of it is reduced to writing ; *Hence* where notes were given for money and the payee at the time agreed to surrender them upon the maker's assigning a judgment and a certain mortgage for its security to the payee, the rejection of parol evidence of such agreement is error. It does not contradict the terms of the writing, the notes being an execution of one part of the agreement, the other having been left in parol.

2. When there are mutual dependent stipulations to be performed under a contract, neither party can maintain an action against the other without averring performance or an offer to perform on his part.

(*Twidy* v. *Saunderson*, 9 Ired., 5 ; *Manning* v. *Jones*, Busb., 368 ; *Daughtry* v. *Boothe*, 4 Jones, 87 ; *Perry* v. *Hill*, 68 N. C , 417 ; *Kerchner* v. *McRae*, 80 N. C., 219, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of EDGECOMBE Superior Court, before *Eure, J.*

It was admitted in the pleadings that the defendant held two notes against the plaintiff amounting to about eighteen hundred dollars, but the plaintiff in this action avers that

he owes the defendant nothing, and brings this suit to recover an amount alleged to be due upon a parol agreement entered into between the parties and relating to the manner in which said notes were to be discharged. The evidence in regard to this agreement (set out in the opinion) was objected to on the ground that it contradicted the terms of the contract as contained in said notes. The court sustained the objection. Judgment, appeal by plaintiff.

*Messrs. Howard & Nash* and *J. L. Bridgers, jr.*, for plaintiff.
*Messrs. W. B. Rodman* and *Fred. Philips*, for defendant.

DILLARD, J. In this action and another between the same parties with the names reversed, a trial by jury was waived and by consent of parties the judge found the facts and decided the questions of law arising, with the right of appeal reserved as to any exceptions to the evidence, and as to His Honor's conclusions of law, and with an agreement that the two actions should be heard together as if constituting but one case, and that the cause of action of the plaintiff in each case should be considered a counter-claim to the suit of the other.

At the trial the plaintiff, Braswell, in order to prove the the contract set up in the complaint, introduced John Norfleet, who testified that the parties came to his office on the 4th of July, 1874, and stated that they had made a contract of which they desired to make him a witness; that they stated to him that Pope had agreed if Braswell would give his note for the amount of a judgment and several notes he held on one Odom, he Pope, would lend him $500 in money and take his note therefor, and would hold both notes until the termination of a suit Braswell then had against one Carter Pope, and as soon as he recovered judgment he and the plaintiff would exchange said two notes for the judgment which might be recovered against Carter Pope and a mort-

gage held by the plaintiff for its security ; and it was further proved by this witness that plaintiff executed in his presence the two notes agreed on, and the defendant then and there agreed that he would accept an assignment of the judgment when recovered and the mortgage for its security, and surrender to plaintiff his notes, and pay the difference, if any, in money.

The testimony of Norfleet was objected to as inadmissible on the ground that it varied or contradicted the contract as expressed in the notes executed by Braswell to the defendant, but the judge reserved the question made and proceeded to hear the evidence of the witness, and upon his and the other evidence adduced, to find the facts.    Upon the facts being found, each party moved for judgment,—Braswell that his judgment and mortgage on Carter Pope, credited by what he had received of the mortgage fund, be applied in extinction of his two notes in the hands of the defendant with a judgment for the difference in his favor and for other alternative relief; and defendant Pope, that His Honor, on the question reserved as to the competency of the witness, Norfleet, hold him incompetent and grant him judgment for the entire amount of his two notes in suit.

On consideration of the respective motions His Honor ruled the testimony of Norfleet inadmissible, and overruling plaintiff's motion dismissed his action with cost and pronounced judgment for the defendant for the amount of the two notes sued on against the plaintiff.

On the argument of the appeal in this court it is assigned for error that His Honor, on the question reserved, ruled the evidence of Norfleet inadmissible on the ground of its being contradictory to the contract expressed in the two notes of Braswell to the defendant.    We think the evidence was not liable to the objection urged against it, and the same should have been received and considered.    The two notes were for money, and proof by Norfleet of an agree-

ment on the part of Kindred Pope, as soon as Braswell could reduce his claims on Carter Pope to judgment, to become the owner of the judgment and an existing mortgage for its security by assignment, and to surrender to plaintiff his two notes, does not, as it seems to us, vary or contradict the terms of the contract as expressed in said notes. The proof excepted to did not show, nor tend to show, that the notes were not for money, but its effect and purpose were to establish merely that they should be surrendered by defendant and accepted by plaintiff as so much money in part payment for the judgment on Carter Pope when one should be recovered.

Besides the ground of admissibility in the fact of the evidence not varying or contradicting the terms expressed in the notes, it is a rule in the law of evidence that where the original contract is verbal and entire, and a part only of it is reduced to writing, the other parts of it may be established by parol evidence, and under this rule the evidence of the witness was admissible. This rule is laid down in 1 Greenl., § 284, and the same has been recognized and applied in divers cases by our courts, prominent among which are *Twidy* v. *Saunderson*, 9 Ire., 5 ; *Manning* v. *Jones*, Busb., 368 ; *Daughtry* v. *Boothe*, 4 Jones, 87 ; *Perry* v. *Hill*, 68 N. C., 417, and *Kerchner* v. *McRae*, 80 N. C., 219. The proof offered was proof of a witness called by the parties to witness their contract, and after proving that the agreement on the part of Braswell was reduced to writing in the two notes, he knew that there were stipulations on the part of Pope which rested in parol, and he was introduced to prove their existence and the terms thereof. And we hold that his testimony within the principle of the decisions cited and the rule of evidence from Greenleaf was admissible to show such stipulations. It is our opinion, therefore, that His Honor erred in his ruling as to the competency of the evidence of Norfleet and that he should not have discarded the facts

found on his evidence, but proceeded on that basis and adjudged between the parties according to the conclusion of law thereon.

Having determined that the evidence of Norfleet was admissible, it remains now to consider what were the rights and liabilities of the parties upon the facts found by His Honor. His Honor, after finding the terms of the contract to be as testified to by Norfleet, found these additional facts :

1. That plaintiff in a reasonable time after the making of the contract recovered judgment in his action against Carter Pope for $2,666.66, and soon thereafter tendered an assignment of the same together with his mortgage for its security to the defendant, and he refused to accept the same, and therefor to surrender plaintiff's notes and pay to him the difference in money.

2. That after the contract and before the recovery of the plaintiff against Carter Pope, Carter Pope received from one Armstrong's administrator, of the proceeds of sale of a tract of land after payment of debts, several sums of money, amounting in all to $470.38, which was a part of the security to plaintiff's debt, and this he did upon the advice and suggestion of Kindred Pope, who well knew it was covered by the mortgage, and was a fund contracted to come to him with the judgment that might be recovered.

3. That after the refusal of the defendant to accept an assignment of plaintiff's judgment and mortgage, the plaintiff received the residue of the proceeds of sale of land in the hands of Armstrong's administrator, amounting to $351, and therefor gave his receipt, and at the same time executed a release of the administrator from all liability to him on account of the payment made to Carter Pope, which was required of him as a condition precedent before he would pay him the $351, and plaintiff offered for sale the mill tract conveyed in the mortgage and caused the same to be bid off at $310.

Upon the facts found it is insisted by defendant that the contract is one of mutual dependent stipulations to be performed at one and the same time, the contract on each side forming the consideration on the other side, and that Braswell's right to performance by Pope was dependent on his own performance; so that if he could not perform or had disabled himself to perform his part of the mutual contract, he could not require Pope to perform his.

This position of defendant is believed to be correct and supported by the authorities. In *Pordage* v. *Cole*, 1 William Saunders, note 320, it is said that the question whether the stipulations of a contract be concurrent, or whether performance or readiness to perform be or be not a condition precedent to the right to enforce performance by the other, is to be determined by the intention of the parties; and for the discovery of such intention certain rules were laid down which have ever been and are now followed in the interpretation of contracts. Among the rules so laid down is this: " When two acts are to be done at the same time, as when A covenants to convey an estate to B on such a. day, and in consideration thereof B covenants to pay A a sum of money on the same day, neither can maintain an action against the other without averring performance or an offer to perform on his part." See notes by Williams to 1 Wm. Saunders, 320, and 2 Smith's Leading Cases, notes to *Cutter* v. *Powell*, 26.

Tested by this rule, it will appear that the stipulation to assign the judgment on Carter Pope, with the mortgage, to the defendant, was the consideration on which defendant was to surrender Braswell's notes in payment, and pay him the difference in money, and were to be performed at one and the same time, so that neither could sue the other without performance or an offer to perform on his part. The question now arises, has Braswell performed or offered to perform, and is he still able to perform his agreement to assign

his judgment and mortgage on Carter Pope substantially in the condition it was in at the date of the contract? It seems to us that he both offered to perform and is still able to perform the stipulation on his part. He offered to do so just after the recovery of judgment, and then there was no difficulty except in the fact that pending the litigation and after the contract with defendant, Carter Pope drew out of the hands of Armstrong's administrator $470.38 of the proceeds of sale of one of the tracts of land conveyed in the mortgage. This money was drawn at the suggestion and advice of defendant, well knowing it was covered by the mortgage and was a part of the security to the judgment which he was under contract to take, and the same under the circumstances ought to be regarded as so much money received by the defeudant under the mortgage, and defendant should not be allowed to take advantage of his own wrong by urging the payment of the same to Carter Pope as a disability in Braswell to assign the security in the condition it was in at the date of the contract.

As to the amount ($351) received by the plaintiff from Armstrong's administrator and the release of the administrator, this was received after the tender and refusal of performance by the plaintiff, and the sum so received may in effect go to defendant's benefit by way of a credit on the difference between the judgment on Carter Pope and plaintiff's notes, or by charging the same with its interest to Braswell in stating the account between him and defendant, which plaintiffs offer and submits to do. And as to the objection of the release executed to the administrator, the value of the security was not thereby impaired to the defendant. If no release had been executed, the defendant could not have compelled Armstrong's administrator to pay a second time to him a sum of money which he had paid over to Carter Pope at his own suggestion, and so the release complained

of worked no greater disability to defendant to recover this money than he was already in by his own act.

As to the disability alleged to exist in the fact of plaintiff's having sold the mill tract, it is to be remembered that this was done after defendant's refusal to accept an assignment of the mortgage, and in fact no difficulty exists as the plaintiff had it bought in at the sale and he now offers to assign the mortgage passing the tract, or at the option of the defendant to account for and pay to him the price at which it was knocked off, with interest thereon.

After a full consideration of the alleged grounds of disability in the plaintiff to perform his part of the contract, we are of opinion he was and still is able to assign his judgment and mortgage, giving the defendant all the benefit he was ever entitled to receive, save in reference to the payments made to Carter Pope by Armstrong's administrator, and as to those it ought to be taken that defendant has already received so much of the security provided for in the mortgage.

We therefore hold upon the facts found by His Honor, that the plaintiff is entitled to have the amount of his judgment on Carter Pope with the mortgage incident credited by the $351 received by him, applied as a counter-claim to the extinction of the two notes given to defendant, and to have judgment for the difference. And to the end that such difference may be ascertained, it is referred to the clerk of this court to compute the claim of the plaintiff under his judgment credited as aforesaid and the amount of the two notes of plaintiff to defendant, and report the difference if any between them, and this case is continued for further orders and directions until the coming in of the report.

Error.                              Judgment accordingly.