JAMES C. McLEAN, Administrator, v. A. A. McLEAN and others.

*Executors and Administrators.*

1. A bond given by one as "administrator or executor" is binding upon him individually, and the sureties on his official bond are not liable for its payment.

McLean *v.* McLean.

2. The distinction between a promissory note and a bond given by one as personal representative, in reference to his liability, pointed out by ASHE, J.

(*Sleighter* v. *Harrington*, 2 Mur., 332; *Hall* v. *Craige*, 65 N. C., 51; *Kerchner* v. *McRae*, 80 N. C., 219, cited and approved).

CIVIL ACTION upon an administration bond, tried at Fall Term, 1882, of ROBESON Superior Court, before *Shipp, J.*

The action was brought by the plaintiff as administrator *de bonis non* of D. H. McLean, against the defendant, as administrator of G. W. McLean, and the sureties upon his bond. The breach of the bond, assigned as the cause of action, is the non-payment of a judgment obtained in the superior court at fall term, 1875, against the defendant, which is as follows:

"It appearing by the complaint of the plaintiff that the defendant is justly due and indebted to the plaintiff in the sum of \$455.61, and the defendant having failed to answer, it is considered and adjudged by the court that the plaintiff do recover of the defendant, administrator of G. W. McLean, the sum of \$455.61," with interest and costs.

It was admitted by the plaintiff that this judgment was founded upon a note under seal, given by the defendant, A. A. McLean, to the plaintiff, in consideration of an open account due by the defendant's intestate to the plaintiff's intestate.

The court gave judgment in favor of the plaintiff and the defendants appealed.

*Messrs. McNeill & McNeill,* for plaintiff.
*Messrs. French & Norment,* for defendants.

ASHE, J.   The plaintiff insisted the judgment was *de bonis testatoris,* and the defendants contend it was *de bonis propriis,* and this is the only question presented for determination.

We are not furnished with a copy of the note sued on, but we infer from the pleadings and admissions that it was a bond signed by the defendant, A. A. McLean, *as administrator*.

As a general proposition of law, an administrator cannot make any contract to bind the estate of his intestate. If he gives his promissory note to pay a debt due by his intestate, it will be binding on him individually or not at all. If the note is founded upon a sufficient consideration, as of assets applicable to the debt, or forbearance, he will be individually liable; but if there is no consideration, it will be *nudum pactum.* At the common law he was liable individually upon his *verbal* promise to pay, if there was a sufficient consideration for the promise; and although the promise be in writing, it will be of no more effect since the statute of 29 Charles II. than before, unless it be by *deed,* or there be a good consideration for it. Williamson on Executors, 1610.

It is well settled by the almost unvarying current of authorities, that the promissory note of an administrator or executor, founded upon the consideration of forbearance or the possession of assets, will be binding upon him in his individual capacity, although he should sign the note "as administrator or executor." Williams, *supra;* Parsons on Contracts, 128; *Woods* v. *Ridley,* 27 Miss.; *Sims* v. *Stilwell,* 3 How. (Miss.), 176; *McGrath* v. *Bevers,* 19 S. C., 328; *Sleighter* v. *Harrington,* 2 Mur., 332; *Hall* v. *Craige,* 65 N. C., 51; *Kerchner* v. *McRae,* 80 N. C., 219.

If the promissory note of an administrator, with a sufficient consideration to support it, will be binding upon him individually, *a fortiori* will his bond have that effect.

There is a marked distinction between a bond and a promissory note in reference to the liability of an administrator or executor. In the case of a promissory note, given for value received, it bears only *prima facie* evidence of consideration, and it is open to the defendant to go into the question of consideration and show, for instance, that he had no assets, at the time of making the note, applicable to the debt of the estate for which the note was given, or that there was in fact no consideration for the promise expressed therein. But a bond is a deed, signed, sealed and delivered. It is the act and deed of the party signing it,

and it imports a valid consideration. It is against all principle to suppose that an administrator or executor could give such an instrument as would be binding upon the estate of his intestate or testator. Of course, then, where the engagement of the representative to pay a debt of the decedent is by a bond, it is a compliance with the statute, but concludes the defendant from showing that there was no consideration.

Mr. WILLIAMS, in the passage above cited, recognizes the distinction. He says, though the promise be in writing, it is of no more effect since the statute than before, unless it be by *deed*, or there be a good consideration. Again, on page 1018, note 1, of his work, we find it laid down, that "a note given by an executor by way of submission to arbitration is not binding, unless there were assets in his hands. When the submission is made by bond, the executor is liable, not only because a seal imports a consideration (for a promissory note imports a consideration), but also because, when a person has executed an instrument under seal, he shall not be permitted to disprove the consideration. Both the bond and the note import assets, and of course a sufficient consideration : the consideration of the bond cannot be explained ; that of the note may, as between the original parties and all parties having notice of the consideration." See the numerous cases there cited in support of these propositions.

In *Davis* v. *Mead*, 2 Ky., which was an action upon a bond given by the defendants as executors, the court say : "The plea of *plene administravit* cannot avail them : the naming them executors was but descriptive of the persons, and the judgment was de bonis propriis." It is true in that case some stress is laid upon the fact that the declaration was in the "*debet* and *detinet*," but it could not have been otherwise in an action upon such an instrument.

In *Hall* v. *Craige, supra*, which was an action upon a judgment confessed by the defendant and others, the court held that the judgment bound them in their individual capacity, though they styled themselves executors in making the confession.

In *Kerchner* v. *McRae, supra,* where the action was brought upon a note under seal, executed by the defendants, as executors, to secure the amount of an account due and owing by their testator at the time of his death, it was held that the defendant was liable individually upon the bond, and the judgment was rendered against him in that capacity.

From these authorities our conclusion is, that the judgment in question was a judgment against A. A. McLean in his individual capacity, and the naming him "administrator" therein was mere surplusage; and consequently the defendants, W. A. Sellers and McKoy Sellers, are not liable as sureties on the administration bond of A. A. McLean, for the breach alleged in the complaint.

There is error. The judgment of the superior court is reversed, and the judgment of this court is that the said defendants go without day, and recover their costs.

Error.                                                                     Reversed.