J. H. HUTCHINS v. J. F. HODGES.

*Contract of Lease—Rent.*

Defendant leased land for two years, agreeing to pay one-fourth of the crop for *each* year as rent. Plaintiff sues (before the expiration of the term) to recover amount of rent for the first year, and the defence is an alleged breach of contract on the part of plaintiff, and, also, that the agreement to pay rent for the first year was dependent upon the stipulation that defendant was to have the land for the second year ; *Held,* that plaintiff is entitled to recover the rent sued for. The defendant failed to show that he had sustained any damage by reason of the alleged breach of contract.

CIVIL ACTION, commenced before a Justice of the Peace and tried on appeal at September Term, 1887, of STOKES Superior Court, before *Gilmer, Judge.*

" The plaintiff complained that the defendant was due him the fourth rent of the tobacco raised on his land in the year 1884, the value of which was admitted on the trial to be forty-

five dollars.   The defendant denied plaintiff's right to re-cover *that amount,* for the reason that he was to have the land two years.

" On the trial the defendant testified that he rented the land from the plaintiff for two years, agreeing to pay him one-fourth of the tobacco for each year, the plaintiff to fur-nish one-fourth of the guano, and that he refused to take and clear the land unless he got it two years ; that he pro-ceeded to clear the land, which was timbered like the ordinary wood-land in that section, and made tobacco on it in 1884 that brought $180 ; that in the Fall plaintiff entered on said land and sowed it in grain; that he carried the tobacco to market, but never paid the plaintiff any rent ; that the land was much more valuable for tobacco the second year than the first ; that after he failed to get the land for the second year, he rented from one James Shelton, who lived in the neighborhood.

" On cross-examination, defendant testified that the plaintiff did furnish the one-fourth of the guano, and that on one occasion he offered plaintiff the one-sixth part as the rent of the land, which plaintiff refused to take except as a credit on the one-fourth rent; that while he only got tobacco land from plaintiff and had to get land for his grain crops from other persons, that when he went to Shelton's he got land for all his purposes.

" The defendant introduced other witnesses tending to cor-roborate him, but showed by no witness that he was dam-aged, or how he was damaged by his failure to get the de-scribed lands.

" The plaintiff denied that he rented the land to the de-fendant for more than one year; that the defendant left a great deal of timber on the land, and had refused to pay him the one-fourth rent.

" The plaintiff introduced other testimony tending to cor-roborate him.   The defendant contended before the Court

that if his evidence was to be believed, that the plaintiff had made a special contract, and could not recover anything in the action because of his failure and refusal to perform his part of the contract, and that in any event under the pleadings as shown by the Justice's return, he was entitled to have the jury pass upon the question of damages, by way of recoupment, by reason of the breach of the contract by the plaintiff.

" His Honor held that the plaintiff had declared on a single renting for one year for one-fourth, he to furnish one-fourth of the guano, and that in the essentials of said contract the plaintiff and defendant were agreed, both saying the one-fourth rent was to be paid a year, and that the defendant had failed to show any damages, by way of recoupment, by plaintiff's failing to let him stay on the land two years, as there was nothing before the jury from which they could estimate said damages, and that the plaintiff, on the defendant's own showing, was entitled to recover $45.00, the amount agreed as one-fourth rent of the land." Judgment for plaintiff. Appeal by defendant.

*Messrs. Glenn & Glenn,* for the plaintiff.
*Messrs. Watson & Buxton,* for the defendant.

DAVIS, J. It appears from the testimony of the defendant himself that he leased the land for two years, agreeing to pay one-fourth of the tobacco for each year as rent When was the rent for the first year due? Clearly, the plaintiff was not required to wait till the end of the second year for the rent of the first. But the defendant says that the plaintiff entered in the Fall and sowed grain ; that the land was more valuable for tobacco the second year than it was the first, and that he refused to rent the land unless he was to have it for two years. It is admitted that the one-fourth of the crop of tobacco for 1884 (the stipulated rent) was worth

HUTCHINS *v.* HODGES.

$45.00, but the defendant says the plaintiff is not entitled to recover because he entered and sowed wheat, and this deprived him (the defendant) of the advantage of cultivating the land the second year according to his contract; that the agreement to pay rent for the first year was dependent upon the stipulation that he was to have the land for cultivation the second year; and as he was deprived of this by the plaintiff, there was a breach of the contract, and the plaintiff is not entitled to recover.

It does not appear that the defendant objected to the entry by the plaintiff; but assuming that the contract was as the defendant insists it was, and that he was deprived, by the act of the plaintiff, of the benefit to be derived from the cultivation of the land the second year, he was entitled to such damages for this breach as he could show that he had sustained, but having failed to show that he had sustained any damage, his recovery, if he were bringing an independent action, would be nominal damages only, and there was no error in the ruling of his Honor that the plaintiff was entitled to recover the rent for 1884 without abatement.

There was no evidence upon the question of damages to go to the jury—there was no evidence of loss.

The doctrine in regard to mutual dependent stipulations stated in the cases of *Braswell* v. *Pope*, 82 N. C., and *McMahon* v. *Miller*, Ibid., 317, relied on by the defendant, have no application to this case. There is no error.

No error. Affirmed.