The plaintiff complained upon and offered in evidence a paper-writing, of which the following is a copy:
13 October, 1890. First payment on second house ................... $132.25
Payment next week.
Second Payment of first house — payment in about twenty days .. 66.13 Second payment on second house — payment in about thirty days ............................................................. 66.12 _______ $264.50
I authorize B. J. Alexander to pay the above amount to Penniman 
Co., as specified above. Asheville, N.C. 13 October, 1890. Tickets to be presented.
Jonathan Mooney. Accepted, B. J. Alexander.
(428) There was evidence by plaintiff that one W. R. Penniman, who was also made party plaintiff, did furnish Jonathan Mooney, the drawer, an amount of brick to the value specified, and that plaintiff *Page 269 
Penniman Co., having claims to collect as agents for W. R. Penniman, were about to commence an action and claim, and attach the brick, when Jonathan Mooney, the debtor, drew the above paper for the amount due for the brick, $264.50, and same was accepted by defendant, B. J. Alexander, and suit was not then instituted; that no part of claim had been paid, and before bringing this suit plaintiff, as agent for W. R. Penniman, had demanded payment on said paper of the defendant, B. J. Alexander, which was refused. The terms, "Tickets to be presented," on face of paper was stated to signify that Jonathan Mooney had given tickets for the amount of brick as they were delivered, and that such tickets were to be surrendered when draft bill was paid.
Defendant offered himself as a witness, and proposed to show that his acceptance of paper was on condition that the drawer Mooney was building some houses for defendant where brick were used, and was building same by contract, payable in installments as work progressed; that said Mooney abandoned work and gave up contract before payments were due, and he never became indebted to said Mooney, and that he was only to pay bill on hand acceptance in case he became indebted to Mooney for said amounts. This evidence was ruled incompetent, and defendant excepted. Defendant further insisted that there was no consideration for said paper moving to defendant, and moved the court to instruct the jury that for this reason the plaintiff could not recover. This was denied, and defendant excepted. Verdict and judgment for plaintiff, and appeal by defendant.
It cannot be contended that the rights of the plaintiffs (429) against the defendant are stronger than if he had given them his promissory note for the sum named in the writing on which this action is brought, instead of accepting the order as he did. If he had done so, that is, had given to plaintiffs his promissory note for the amount of the order, it would have been competent for him, if sued on the note by thepayees, to prove that there was a collateral agreement between him and them to the effect that he should not be required to pay except upon the happening of certain events, or that the note was without consideration.Braswell v. Pope, 82 N.C. 57; Kerchner v. MacRae, 80 N.C. 219. Afortiori was it admissible for the defendant to show that there was a collateral agreement between himself and plaintiffs when he wrote the word "accepted" on the order and signed his name thereto, for, if the writing be considered as a draft drawn by *Page 270 
Mooney on defendant in favor of plaintiffs, the legal relation of the parties when it had been accepted was that of indorser, maker or payee of a promissory note. Dan. Neg. Inst., sec. 29.
ERROR.
Cited: Kelly v. Oliver, 113 N.C. 444; Penniman v. Alexander,115 N.C. 555; Evans v. Freeman, 142 N.C. 65; Basnight v. Jobbing Co.,148 N.C. 357; Woodson v. Beck, 151 N.C. 149; Kernodle v. Williams,153 N.C. 477; Alexander v. Savings Bank, 155 N.C. 127; Anderson v.Corporation, ib., 134; Bowser v. Tarry, 156 N.C. 38; Martin v. Mask,158 N.C. 444; Garrison v. Machine Co., 159 N.C. 289; Mercantile Co. v.Parker, 163 N.C. 178; Farrington v. McNeill, 174 N.C. 421.