MOREHEAD BANKING COMPANY v. MRS. L. L. MORE-
HEAD, Executrix of EUGENE MOREHEAD, et al.

*Note of Executor to Pay Debts of Testator—Personal
Liability of Executor—Knowledge of Creditor.*

1. Where an executor executes a note in his representative capac-
ity for money borrowed and used for the purpose of paying
debts of the testator, the estate is not liable, but the execu-
tor is personally liable therefor, and this is so notwithstand-
ing the fact that the lender knows for what purpose the
money was borrowed and how it was used. .

2. In such case, the executor takes the risk of being reimbursed the
amount of the note out of the assets of the estate on the final
accounting.

CIVIL ACTION, tried at June Term, 1894, of DURHAM
Superior Court, before *Winston, J.,* and a jury.

The complaint alleged :

"II. That sometime in the year 1890, the plaintiff lent
to the defendant, Mrs. L. L. Morehead, the sum of Five
Thousand Dollars, the said sum being borrowed by her, as
plaintiff was then informed and believed and still believes,
to pay debts and thus relieve the estate of the said Eugene
Morehead, and executed her negotiable promissory note to
plaintiff for said Five Thousand Dollars, which said prom-
issory note she, the said Mrs. L. L. Morehead, signed iden-
tically as she signed the note set out in the next succeeding
allegation, with B. L. Duke and Lucius Green as sureties
thereto.

"III. That said note so given for money so lent to and
borrowed by the defendant, Mrs. L. L. Morehead, was from
time to time renewed, and in renewal of said original in-
debtedness, the defendants on the 16th day of March, 1893,
executed to plaintiff their promissory note as follows, to-
wit :

"$5000.00          DURHAM, N. C., March 16, 1893.

"Six months after date we, or either of us, L. L. More-head, Executrix of Eugene Morehead, B. L. Duke and Lucius Green, promise to pay to the order of Morehead Banking Company, Five Thousand Dollars with interest at eight per cent. per annum, thereafter until paid, interest to be paid semi-annually in advance, negotiable and payable at Morehead Banking Company, Durham, N. C., for value received. The parties agree to take no advantage of any agreement for indulgence after maturity.

LUCY L. MOREHEAD, Ex'rx of
Eugene Morehead
B. L. DUKE.
LUCIUS GREEN.

"IV. That said note was, at its maturity, presented at the office of the Morehead Banking Company, in Durham, for payment and payment thereof refused. That said note and no part thereof has been paid, but the whole thereof is now due and owing to said Morehead Banking Company the owner and holder of said note. That plaintiff is advised that the said note made the said Mrs. L. L. Morehead personally responsible as well as responsible as Executrix, and that she owes said amount.

Wherefore, plaintiff demands judgment:

"1. That it recover judgment against Mrs. L. L. Morehead, Executrix of Eugene Morehead, and Mrs. L. L. Morehead, individually, as principals, and against B. L. Duke and Lucius Green as sureties, for the sum of Five Thousand Dollars, with interest thereon from Sept. 19, 1893, until paid, at the rate of eight per cent. per annum, and the costs of this action to be taxed by the Clerk.

" 2. That it have such other judgments, orders and relief against either or all the defendants, whether in their

personal or representative character, as it may be entitled to."

The defendants, Mrs. L. L. Morehead, Executrix of Eugene Morehead, deceased, and Mrs. L. L. Morehead, orally demurred to the complaint because the same did not state facts sufficient to constitute a cause of action against them, and for same reason moved to dismiss the action as to them.

The demurrer was sustained as to Mrs. L. L. Morehead, Executrix, but overruled as to Mrs. L. L. Morehead, individually.

To this ruling and judgment plaintiff excepted, and insisted that the estate of Eugene Morehead was still liable, as the original debt had been contracted by him and the renewals thereof did not discharge his estate until the debt was paid, and from the refusal to hold said estate liable plaintiff appealed.

*Messrs. John W. Graham* and *Boone & Boone,* for plaintiff (appellant).
*Messrs. Fuller, Winston & Fuller,* for defendants.

AVERY, J.: An executor cannot, by any contract of his, fasten upon the estate of his testator liability for a debt created by him and arising wholly out of matters occurring after the death of the testator. *Devane* v. *Royal,* 7 Jones, 426; *Hailey* v. *Wheeler,* 4 Jones, 157; *Beatty* v. *Gingles,* 8 Jones, 302; *Tyson* v. *Walston,* 83 N. C., 90; *McLean* v. *McLean,* 88 N. C., 394. Where an executor executed a promissory note as evidence of such debt and signs it, and renewals of it in his fiduciary capacity, the words "as executor" will be rejected as surplusage, and the contract interpreted as if made in terms by him individually. *Beatty* v. *Gingles, supra.* The rule is not modified by the

fact that the note is given, as in this case, by an executrix for money which the creditor knows at the time is to be used in payment of the debts of the testator; but the law assumes that she consents to incur the risk of reimbursement out of the assets on her final settlement. This is unquestionably a liability governed by this general principle. The *feme* defendant is answerable in her individual capacity.

Affirmed.