Z. V. SNIPES v. P. E. MONDS, ADMINISTRATOR OF T. L. FITZGERALD, DECEASED.

(Filed 30 September, 1925.)

**1. Pleadings—Demurrer—Courts.**

Demurrer *ore tenus* may be taken to the sufficiency of the complaint to state a cause of action at any time during the progress of the trial, in the Superior or in the Supreme Court, on appeal, or the Courts may pass upon the question *ex mero motu.*

**2. Executors and Administrators—Debts—Personal Liability.**

An executor cannot charge the estate of the decedent with obligations arising after his death, incurred in the continuance of a business the decedent had engaged in during his life, such liability being that of the executor personally who has attempted to do so.

APPEAL by plaintiff from HARNETT Superior Court. *Lyon, J.*

Action by plaintiff to recover of the defendant, administrator, *d. b. n., c. t. a.* of T. L. Fitzgerald, deceased, $1,700.10, the value of goods, supplies, gasoline, lubricating oil, tires, casings, fixtures, parts, and work of mechanics in repairing cars, purchased and had by the executors of T. L. Fitzgerald and used by them in collecting the debts due this estate,

as per itemized and verified statement of account filed with the executors, but no payment has been made thereon.

It is further alleged that the executors took over the entire property, estate and business of T. L. Fitzgerald, upon qualification, consisting of large farming interests, and a large livestock and vehicle and harness business in Dunn, N. C., and that they "acted as dealers in mules, horses, buggies, wagons and harness; that under the authority of an order of the clerk of the Superior Court of Harnett County, they borrowed money from banks to carry on said business," and that these executors, who qualified 7 February, 1921, resigned their trust in January, 1923, and that the defendant was appointed then, administrator of T. L. Fitzgerald *d. b. n., c. t. a.* Due demand was made for this account. The defendant demurred for that the complaint did not state a cause of action, in that it appeared that the debt sued on was incurred, after the death of T. L. Fitzgerald, as expenses in the administration of the estate by his executors.

The terms of the will are not germane to this controversy. The court below sustained the demurrer and the plaintiff appealed.

*H. L. Godwin for plaintiff.*
*Clifford & Townsend for defendant.*

VARSER, J.  Even after answering in the trial court, or in this Court, a defendant may demur *ore tenus,* or the Court may raise the question *ex mero motu* that the complaint does not state a cause of action. *Garrison v. Williams,* 150 N. C., 675. Construing the complaint liberally in favor of the plaintiff (*Horney v. Mills,* 189 N. C., 724, 728), to the end that it must be upheld unless wholly insufficient (*Sexton v. Farrington,* 185 N. C., 339; *Blackmore v. Winders,* 144 N. C., 212; *Bank v. Duffy,* 156 N. C., 83; *Pridgen v. Pridgen, ante,* 102), the demurrer must be sustained.

An executor cannot, by any contract of his, fasten upon the estate of his testator liability created by him, and arising wholly out of matters occurring after the death of the testator. *Banking Co. v. Morehead,* 116 N. C., 410; *McLean v. McLean,* 88 N. C., 394; *Tyson v. Walston,* 83 N. C., 90; *Kerchner v. McRae,* 80 N. C., 219; *Beaty v. Gingles,* 53 N. C., 302; *Hailey v. Wheeler,* 49 N. C., 159; *Devane v. Royal,* 52 N. C., 426. This is true even when the creditor knows that the money loaned is to be used in payment of the debts of the testator (*Banking Co. v. Morehead, supra*), or for attorneys' fees for services rendered the executor in the discharge of his trust. *Lindsay v. Darden,* 124 N. C., 307. Such contracts always support an action by the creditor against the executor personally. When such expenses as sued for in this action, or

fees of counsel, are properly incurred, and paid by the executor, then he may, if the disbursement be proper, be allowed these in his settlement of the estate. The probate court will then determine whether such are reasonable and just, and make such allowances as may be proper.

The debt sued on is not a debt of the estate of T. L. Fitzgerald, and no cause of action is stated in the complaint. *Lindsay v. Darden, supra,* 11 R. C. L., 165; *Banking Company v. Morehead, supra; Whisnant v. Price,* 175 N. C., 611, 613; *Craven v. Munger,* 170 N. C., 424; *Alexander v. Alexander,* 120 N. C., 472; *Kessler v. Hall,* 64 N. C., 60; *Devane v. Royal,* 52 N. C., 426.

It may be well to note that, under chapter 86, Public Laws 1925, executors or administrators may renew the obligations of the decedent without incurring personal liability.

The learned judge below was clearly right, and the judgment appealed from is

Affirmed.