W. A. SEAWELL v. CHAS. COLE & CO., INC., AND S. F. COLE.

(Filed 16 November, 1927.)

**1. Pleadings—Demurrer Ore Tenus—Statutes.**

A demurrer to the complaint *ore tenus* must distinctly specify the grounds of objection or it may be disregarded.

**2. Same—Appeal and Error—Courts—Ex Mero Motu.**

The Supreme Court may, *ex mero motu*, look into the record to ascertain if the complaint sufficiently alleges a cause of action.

**3. Same—Pleadings Liberally Interpreted.**

Upon the inquiry as to whether the complaint states a cause of action, it will be liberally construed with every reasonable intendment therefrom in the plaintiff's favor, however uncertain, defective and redundant its allegations may be drawn.

APPEAL by plaintiff from *Stack, J.*, at February Term, 1927, of MOORE. Reversed.

*H. F. Seawell & Son for plaintiff.*

CLARKSON, J. Another branch of this matter was before this Court. See *Johnson, Admr., v. Leavitt,* 188 N. C., p. 682.

The record discloses that the defendants' counsel "thereupon demurred *ore tenus* for that the complaint does not state a cause of action. The court thereupon dictated to the clerk its order and judgment sustaining the demurrer and dismissing the action, to which the plaintiff excepted and appealed to the Supreme Court." No counsel appeared in this Court for the defendant, and the demurrer was not renewed in this Court. C. S., 512, is as follows: "The demurrer must distinctly specify the grounds of objection to the complaint, or it may be disregarded. It may be taken to the whole complaint, or to any of the alleged causes of action stated therein."

In *Elam v. Barnes,* 110 N. C., p. 73, the facts were similar, it is said, at p. 74: "It is but fair, however, to the opposite side that the court below should require, as the statute demands, that the demurrer, even when made *ore tenus,* should point out the alleged defect, since it gives opportunity to ask for an amendment if the defect admits of cure, or permits further costs to be avoided if the defect is incurable, since the party, upon the particulars being indicated, may become satisfied of the invalidity of his cause of action and discontinue further proceedings. This would seem to be the reason of the statute, at any rate its provisions are clear and should be observed."

. In the *Elam case, supra,* this Court looked into the record and dismissed the action. In the present action, we will reiterate well settled law in this jurisdiction: "But when a case is presented on demurrer, we are required by the statute, C. S., 535, to construe the complaint liberally, 'with a view to substantial justice between the parties,' and in enforcing this provision we have adopted the rule 'that if in any portion of it or to any extent it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn or however uncertain, defective and redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader.'" *S. v. Bank,* 193 N. C., 527, and cases cited. *Foy v. Stephens,* 168 N. C., p. 438; *S. v. Trust Co.,* 192 N. C., 246.

It is said in *S. v. McCanless,* 193 N. C., at p. 206, "If any of the causes of action are good, the demurrer cannot be sustained."

In *Snipes v. Monds,* 190 N. C., at p. 191, it is said: "Even after answering in the trial court, or in this Court, a defendant may demur *ore tenus,* or the Court may raise the question *ex mero motu* that the complaint does not state a cause of action." The judgment is

Reversed.