STATE OF NORTH CAROLINA v. SUNCREST LUMBER COMPANY ET AL.

(Filed 3 April, 1929.)

**1. Statutes A b—Statute creating Park Commission Constitutional.**

> The provisions of the act creating the North Carolina Park Commission are constitutional and valid. Chapter 48, Public Laws of 1927.

**2. Eminent Domain B a—State is proper party in condemnation proceedings by Park Commission—Demurrer.**

> Under the provisions of chapter 48, Public Laws of 1927, the North Carolina Park Commission is neither a body politic nor corporate in the ordinary sense, but an agency of the State clothed with the power of eminent domain to be exercised in behalf of the State and in its name, and a demurrer to the petition of the State in condemnation of lands for the purposes of the act, on the ground that the commission and not the State was the proper party, is bad.

**3. Eminent Domain B a—Verification of petition in condemnation proceedings by Park Commission properly made by its chairman.**

> The verification of a petition, in a proceeding to condemn land for the purpose of a park authorized by chapter 48, Public Laws of 1927, to restrain cutting of timber on land sought to be condemned, is properly made by the chairman of the North Carolina Park Commission.

APPEAL by respondents from *McElroy, J.,* at Murphy, N. C., 21 January, 1929. From BUNCOMBE.

Special proceeding, instituted by virtue of chapter 48, Public Laws 1927, to condemn lands for park and recreational purposes in the Great Smoky Mountains of North Carolina.

The substance of the petition is:

1. That the State of North Carolina is one of the sovereign States of the United States of America, clothed with the right of eminent domain, subject to its Constitution and laws enacted in pursuance thereof, and that by virtue of an act of the General Assembly of North Carolina, ratified 25 February, 1927, entitled "An act to provide for the acquisition of parks and recreational facilities in the Great Smoky Moun-

tains of North Carolina," the same being chapter 48, Public Laws 1927, the petitioner is vested with the power of acquiring in the name of and in behalf of the State of North Carolina, and to condemn for park purposes, lands and other properties, located or situate within the area of the Great Smoky Mountains as described and set out in the act above mentioned.

2. That the respondents are the owners of certain tracts of land situate in said area, and that the Suncrest Lumber Company is now engaged in cutting the timber on the lands sought to be condemned, which will enormously diminish its value for park purposes unless restrained from such cutting.

Wherefore, the petitioner asks for condemnation against the respondents and restraint from further timber-cutting on the part of the Suncrest Lumber Company.

The petition is verified by the chairman of the North Carolina Park Commission, who alleges that he is duly authorized to make such verification.

A demurrer was interposed by the respondents on the grounds:

1. That there is a defect of parties plaintiff, in that, the proceeding, if validly authorized at all, should have been instituted by the North Carolina Park Commission and not by the State itself.

2. That the petition does not state facts sufficient to constitute a cause of action against the respondents, or any one of them, as the State of North Carolina has not been duly authorized to institute the proceeding, and further it does not appear from the petition that the chairman of the North Carolina Park Commission is an officer of. the State or has any power or authority to verify said petition.

From a judgment overruling the demurrer and continuing the restraining order to the hearing, the respondents appeal, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Varser for petitioner.*

*Byron F. Ely, Thos. S. Rollins, J. Bat Smathers and Alfred S. Barnard for respondents.*

STACY, C. J., after stating the case: The constitutionality of chapter 48, Public Laws 1927, was asserted in *Yarborough v. Park Commission,* 196 N. C., 284, 145 S. E., 563, and *Suncrest Lumber Co. v. North Carolina Park Commission,* 29 Fed. (2d), 823, S. c., 30 Fed. (2d), 121.

These cases also hold that the North Carolina Park Commission, while denominated in the act as a "body politic and corporate," is not a municipal or private corporation in the ordinary sense, but rather an agency of the State clothed with the power of eminent domain to be

exercised on behalf of the State of North Carolina and in its name. Section 18. The demurrer, therefore, was properly overruled on the first ground.

Likewise, on authority of these same cases, the demurrer was properly overruled on the second ground set out therein. It would serve no useful purpose to repeat what has been so recently said· in the cases cited. They apparently dispose of all the questions debated before us.

In considering the present appeal, we are restricted to the grounds specified and designated in the demurrer. C. S., 512; *Glass Co. v. Hotel Corp., post,* 10; *Seawell v. Cole,* 194 N. C., 546, 140 S. E., 85.

Affirmed.