WINNIE PARSONS, BY HER NEXT FRIEND, W. H. PARSONS, v. NORFOLK
         AND WESTERN RAILWAY COMPANY.

(Filed 19 December, 1930.)

1. **Carriers D b—In this action to recover for misinformation as to cost
   of fare a demurrer ore tenus is allowed in the Supreme Court.**

   Where in an action against a railroad company the complaint alleges
   that the plaintiff, informed of the amount of fare for a proposed trip by
   the company's agent in another state, reckoned that she had sufficient
   money for the trip, and went to the ticket agent at the point of departure,
   and was misinformed by him of the amount of the fare, and that she
   voluntarily paid him the erroneous amount named by him, which was in
   excess of the correct amount, and started on the trip, and that as a
   result she was without sufficient money for food, hotels, etc., en route, is
   *held:* insufficient to warrant a recovery against the railroad for the incon-
   venience caused by the lack of money, and a demurrer *ore tenus* on the
   ground that the complaint failed to state a cause of action, made in the
   Supreme Court, will be sustained.

2. **Appeal and Error J g—Where a demurrer ore tenus is allowed in the
   Supreme Court the question of venue raised on appeal is immaterial.**

   In this case the demurrer of the defendant made in the Supreme Court
   on appeal on the ground that the complaint failed to state a cause of
   action being allowed: *Held,* the question of venue appealed from became
   immaterial.

CIVIL ACTION, before *Finley, J.,* at July Term, 1930, of ASHE.

The plaintiff instituted this action in Ashe County and alleged that on
or about 9 November, 1922, she and her mother, grandmother, and a
brother and sister desired to make a trip from West Jefferson, North
Carolina, to Linden, Alabama. Relying upon information from some
railroad company's agent in Rembust, Alabama, the parties provided
what they thought were sufficient funds to make the trip. The parties
sought to purchase a ticket at Abingdon, Virginia, to Linden, Alabama,
from the defendant's agent in Abingdon, Virginia. Said agent informed
the plaintiff that the railroad fare from Abingdon, Virginia, to Linden,
Alabama, would be $135, when in fact said fare was only $81. How-
ever, the plaintiff, her mother, and grandmother paid the $135 and
started on the journey. As a result they were without sufficient funds
to pay hotel bills or lodging, or to procure the necessary food. Where-
fore, plaintiff alleges that by reason of such inconvenience and suffering,
plaintiff has been damaged in the sum of $3,000.

The defendant entered a special appearance and moved to dismiss the
action because of improper venue, alleging that the cause of action
arose in Virginia, and that the plaintiff was not a resident of the State
of North Carolina. The cause was heard upon said motion and the
trial judge found the following facts:

1. That the alleged cause of action arose and occurred in Abingdon, Virginia.

2. That the plaintiff at the time the alleged cause of action arose was a nonresident of the State of North Carolina.

3. That neither Ashe nor any other county in the State of North Carolina adjoins the county in which the alleged cause of action arose.

Whereupon, it was ruled that C. S., 468, was applicable and the motion to dismiss was denied.

From the foregoing judgment the defendant appealed.

At the hearing of the appeal in the Supreme Court the defendant demurred *ore tenus* upon the ground that the complaint did not state a cause of action.

*T. C. Bowie for plaintiff.*

*F. M. Rivinus, Burton Craige, Ira T. Johnston and Murray Allen for defendant.*

BROGDEN, J. Both the plaintiff and the defendant are nonresidents of North Carolina, but the question of proper venue upon the facts disclosed becomes immaterial if the demurrer *ore tenus* should be sustained. It is manifest upon the facts appearing in the record that the plaintiff and those composing her party undertook a long trip by rail after full knowledge that they had no funds to procure necessary food and lodging. Moreover, they paid the exacted fare voluntarily before the journey began. As the cause of action rests exclusively upon lack of sufficient money to procure reasonable comforts while traveling, we are of the opinion, and so hold, that the demurrer *ore tenus* should have been sustained. *Snipes v. Monds,* 190 N. C., 191, 129 S. E., 413; *Seawell v. Cole,* 194 N. C., 546, 140 S. E., 85.

Reversed.