The plaintiff instituted this action is Ashe County and alleged that on or about 9 November, 1922, she and her mother, grandmother, and a brother and sister desired to make a trip from West Jefferson, North Carolina, to Linden, Alabama. Relying upon information from some railroad company's agent in Rembust, Alabama, the parties provided what they thought were sufficient funds to make the trip. The parties sought to purchase a ticket at Abingdon, Virginia, to Linden, Alabama, from the defendant's agent in Abingdon, Virginia. Said agent informed the plaintiff that the railroad fare from Abingdon, Virginia, to Linden, Alabama, would be $135, when in fact said fare was only $81. However, the plaintiff, her mother, and grandmother paid the $135 and started on the journey. As a result they were without sufficient funds to pay hotel bills or lodging, or to procure the necessary food. Wherefore, plaintiff alleges that by reason of such inconvenience and suffering, plaintiff has been damaged in the sum of $3,000.
The defendant entered a special appearance and moved to dismiss the action because of improper venue, alleging that the cause of action arose in Virginia, and that the plaintiff was not a resident of the State of North Carolina. The cause was heard upon said motion and the trial judge found the following facts: *Page 55 
1. That the alleged cause of action arose and occurred in Abingdon, Virginia.
2. That the plaintiff at the time the alleged cause of action arose was a nonresident of the State of North Carolina.
3. That neither Ashe nor any other county in the State of North Carolina adjoins the county in which the alleged cause of action arose.
Whereupon, it was ruled that C. S., 468, was applicable and the motion to dismiss was denied.
From the foregoing judgment the defendant appealed.
At the hearing of the appeal in the Supreme Court the defendant demurredore tenus upon the ground that the complaint did not state a cause of action.
Both the plaintiff and the defendant are nonresidents of North Carolina, but the question of proper venue upon the facts disclosed becomes immaterial if the demurrer ore tenus should be sustained. It is manifest upon the facts appearing in the record that the plaintiff and those composing her party undertook a long trip by rail after full knowledge that they had no funds to procure necessary food and lodging. Moreover, they paid the exacted fare voluntarily before the journey began. As the cause of action rests exclusively upon lack of sufficient money to procure reasonable comforts while traveling, we are of the opinion, and so hold, that the demurrer ore tenus should have been sustained. Snipes v. Monds,190 N.C. 191, 129 S.E. 413; Seawell v. Cole, 194 N.C. 546,140 S.E. 85.
Reversed.